[Cite as *State v. Davenport*, 2015-Ohio-5120.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                       :

                                            No. 15AP-96

v.                                                           :       (C.P.C. No. 10CR-2709)

Carlos Davenport,                                  :       (REGULAR CALENDAR)

      Defendant-Appellant.                   :

---

D E C I S I O N

Rendered on December 10, 2015

---

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Carlos Davenport*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Carlos Davenport, appeals from a decision of the Franklin County Court of Common Pleas, rendered on January 15, 2015, which denied his petition for postconviction relief as untimely. On review, we also find his petition to be untimely, and we affirm the trial court's denial of postconviction relief.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On November 10, 2011, a jury found Davenport guilty of two counts of rape by force or threat of force of a minor less than 13 years of age and one count of kidnapping. By entry filed on November 30, 2011, the trial court merged the kidnapping count with the rape counts and sentenced Davenport to 25 years to life in prison on each of the rape counts, to be served consecutively to one another for a total term of imprisonment of 50 years to life.

{¶ 3}   On December 30, 2011, Davenport filed a notice of appeal.[1]   Our docket reflects that the record for the appeal was filed by the deputy clerk with this court on February 9, 2012, and a supplemental record including transcripts followed on March 26, 2012.   One hundred eighty-one days after the supplemental record was filed on appeal, on September 24, 2012, Davenport filed a notice of ongoing investigation and diligence announcing his intent to file a petition for postconviction relief and requesting a 60-day extension of time in which to do so.   The state responded that diligence and timeliness of a petition is to be determined after the petition is filed, not in advance.   The trial court made no ruling on the notice and request.

{¶ 4}   Six hundred three days after the request for 60 days of additional time, on May 20, 2014, Davenport filed a postconviction petition supported by several exhibits. With it he filed motions for the appointment of counsel, an investigator, and numerous experts.

{¶ 5}   On January 15, 2015, the trial court denied Davenport's petition because it was  not timely filed.   Davenport now appeals.

## II.  ASSIGNMENTS OF ERROR

{¶ 6}   Davenport asserts four assignments of error:

[I.] Appellant was denied Due Process Guaranteed by Fifth Amendment And made Applicable to the States by the Fourteeth Amendment when trial Court Committed Structural error and abuse of discretion (Egregiously so.) by denying Appellants Timely Filed Post Conviction motion basing its (The Courts.) erred decision upon it being Untimely.

[II.] Trial Court Committed Structural error And violated Appellant's Right to Due Process Guaranteed by the Fifth Amendment to the Federal Constitution and Applicable to the States by the Fourteeth Amendment when the trial Court knowingly entered and participated in a Conspiracy against Appellants Civil Rights by Allowing an Unlicensed Court officer (Franklin County Bailiff Pat Griffin and defense/co-Counsel to forge, falsify records and Conceal other illegal Acts which Prohibit, delay, and infect Appellants Due Process and Equal Protection guaranteed him.

---

[1] Davenport's appeal was ultimately unsuccessful. *State v. Davenport*, 10th Dist. No. 11AP-1159, 2012-Ohio-5192.

[III.] Appellant was denied effective assistance of Counsel Guaranteed him through the 6th Amendment when Appellants Counsel participated with State and County officials in UN-lawful, fraudelent Acts which would hinder, prohibit due Process

[IV.] Appellant was denied effective Assistance of Counsel guaranteed him through the 6th and was denied Due Process guaranteed By the Fifth Amendent to the Federal Constitution and made Applicable to the states By the Fourteeth Amendment when State (Prosecutor.) withheld exculpatory evidence to wit a Police report which Contradicts States Key Witness(es)[2]

(Sic passim.)

## III.  DISCUSSION

### A. First Assignment of Error – Whether Davenport's Petition for Postconviction Relief was Timely

{¶ 7}   A postconviction petition "shall be filed no later than one hundred eighty days[3] after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication."  R.C. 2953.21(A)(2).  In this case, the full record was filed in the court of appeals in Davenport's direct appeal of his criminal case on March 26, 2012.  One hundred eighty (180) days after that fell on Sunday, September 23, 2012.  Because of the operation of Civ.R. 6(A), the next court day after the Sunday deadline became the deadline to file a timely postconviction petition in this case.  However, on September 24, 2012, instead of a petition, Davenport filed a notice of ongoing investigation and diligence, announcing his intent to file a petition for postconviction relief and requesting a 60-day extension of time in which to do so.

{¶ 8}   A petition for postconviction relief may be filed after the expiration of the time limit if:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of

---

[2] The assignments of error are reproduced as they appear in the brief.

[3] Effective March 23, 2015, this time limit was changed to 365 days. 2014 Am.Sub.H.B. No. 663.

section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.

R.C. 2953.23(A).

{¶ 9} Davenport does not attempt to argue that he satisfied either of the two conditions contained in R.C. 2953.23(A)(1)(a) and (b). Instead he argues that the notice of diligence and request for an extension of time that he filed on September 24, 2012, tolled the deadline to file his postconviction petition. Therefore, according to Davenport, when he filed his petition 603 days later, it was timely, and there was no need to invoke R.C. 2953.23(A)(1)(a) and (b).

{¶ 10} In arguing that his notice of diligence and request for an additional 60 days tolled the deadline for filing a postconviction petition, Davenport misapprehends the nature of the deadline imposed by R.C. 2953.21(A)(2). Many deadlines in court proceedings set by court orders or by the criminal or civil rules can be extended by the trial court in the proper exercise of its discretion. For example, Civ.R. 6(B) provides:

When by these rules [of civil procedure] or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *.

See also Crim.R. 57(B) (prescribing reference to the rules of civil procedure to determine procedures not specifically provided for in the criminal rules). However, the deadline set by R.C. 2953.21(A)(2) for filing a postconviction petition is statutory and jurisdictional. State v. Melhado, 10th Dist. No. 05AP-272, 2006-Ohio-641, ¶ 18 ("A trial court lacks

jurisdiction to hear an untimely filed petition for post-conviction relief if the two conditions of R.C. 2953.23(A)(1) are not satisfied."). R.C. 2953.23 specifically provides that "a court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)(2)] * * * unless division (A)(1) or (2) of this section applies." The 180-day limit could not have been and was not extended by a mere request in a motion or by the filing of a notice.[4]

{¶ 11} In order for the trial court to have had jurisdiction to consider the merits of Davenport's untimely postconviction petition, Davenport would have been required to show that he satisfied the exceptions to the deadline set forth in R.C. 2953.23. He did not do so and nor did he try.[5] Thus the trial court lacked jurisdiction to hear the merits of his petition, and it had no choice but to dismiss the petition as untimely.

{¶ 12} Davenport's first assignment of error is overruled.

## B. Second, Third, and Fourth Assignments of Error are Moot

{¶ 13} We have concluded that the trial court lacked jurisdiction to consider the merits of Davenport's untimely petition for postconviction relief. Thus, assignments of error addressed to the substantive merits of Davenport's petition are moot.

{¶ 14} Davenport's second, third, and fourth assignments of error are moot.

## IV. CONCLUSION

{¶ 15} We overrule Davenport's first assignment of error and find Davenport's remaining assignments of error moot. We affirm the judgment of the Franklin County Court of Common Pleas dismissing Davenport's untimely petition for postconviction relief.

*Judgment affirmed.*

BROWN, P.J., and HORTON, J., concur.

---

[4] We note that the notice of diligence was not, ab initio, a futile gesture on the part of Davenport's counsel because it could have formed part of a record to help establish diligent investigation as part of showing that Davenport was "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief." R.C. 2953.23(A)(1)(a).

[5] We note that, even had Davenport's request for additional time been effective, he requested an additional 60 days, but he took an additional 603 days. The record is devoid of any attempt on his part to offer any explanation for this lengthy delay.