[Cite as *State v. Davenport*, 2018-Ohio-3949.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-228 |
| | | (C.P.C. No. 10CR-2709) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Carlos Davenport, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 27, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Carlos Davenport*, pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1}   Defendant-appellant, Carlos Davenport, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion to vacate a void judgment. For the following reasons, we affirm.

## I.  Facts and Procedural History

{¶ 2}   By indictment filed May 4, 2010, plaintiff-appellee, State of Ohio, charged Davenport with one count of kidnapping in violation of R.C. 2905.01, a felony of the first degree; and two counts of rape in violation of R.C. 2907.02, both felonies of the first degree. Following a trial, a jury found Davenport guilty of all three counts. The trial court merged the kidnapping count for purposes of sentencing and imposed consecutive indefinite sentences of 25 years to life on the rape counts, journalizing Davenport's convictions and sentence in a November 30, 2011 judgment entry.

{¶ 3}   Davenport filed a timely notice of appeal on December 30, 2011.  As part of his direct appeal, the transcripts of Davenport's trial were transmitted to the court of appeals on March 26, 2012.  This court affirmed Davenport's convictions in a November 8, 2012 decision.  *State v. Davenport*, 10th Dist. No. 11AP-1159, 2012-Ohio-5192.  Davenport appealed this court's decision to the Supreme Court of Ohio, and the Supreme Court declined to accept jurisdiction of the appeal.

{¶ 4}   The statute governing petitions for postconviction relief in effect at the time of Davenport's conviction and appeal required a defendant who pursued a timely direct appeal to file a petition for postconviction relief within 180 days after filing the trial transcripts with the court of appeals.  Former R.C. 2953.23(A).  As it relates to Davenport, the 180-day deadline to file a petition for postconviction relief was September 22, 2012, which was a Saturday.  Thus, Davenport had until the following Monday, September 24, 2012, to file a timely postconviction petition.

{¶ 5}   On September 24, 2012, Davenport did not file a petition for postconviction relief.  Instead, on that date, Davenport filed a document giving "notice" of an ongoing investigation, giving "notice" of his intent to a file a petition for postconviction relief in the future, and making a "motion for extension of statute of limitations," seeking an additional 60 days to file his petition.  The state opposed any preemptive extension of time to file a petition for postconviction relief.

{¶ 6}   Eventually, on May 20, 2014, nearly 20 months after his filing seeking an extension of time, Davenport filed a petition for postconviction relief.  In his petition, Davenport argued he received the ineffective assistance of counsel at trial.  The state opposed Davenport's petition for postconviction relief, arguing the petition was untimely and that Davenport did not support the petition with evidentiary documentation.

{¶ 7}   In a January 15, 2015 entry, the trial court denied Davenport's petition for postconviction relief without a hearing.  The trial court concluded Davenport's petition was untimely, that he did not demonstrate he was unavoidably prevented from filing a timely petition, and that he lacked supporting evidentiary documentation.  Davenport filed an appeal from the trial court's denial of his petition for postconviction relief, and this court, in a December 10, 2015 decision, affirmed the denial of his petition.  *State v. Davenport*, 10th Dist. No. 15AP-96, 2015-Ohio-5120.  The Supreme Court of Ohio declined review.

{¶ 8}   On June 20, 2016, Davenport filed a motion for leave to file a delayed motion for new trial.  Davenport argued in this motion that an alleged forgery on a substitution-of-counsel form that was the subject of his petition for postconviction relief showed a fraud by the court.  The trial court denied the motion in an August 5, 2016 entry.  Davenport did not appeal that decision.

{¶ 9}   Davenport next filed a "motion to correct illegal sentence" on September 9, 2016, again asserting his forgery theory.  The trial court denied that motion in a January 4, 2017 entry, and Davenport did not appeal.

{¶ 10} Subsequently, on April 19, 2017, Davenport filed a "motion to vacate a void judgment," again relying on his forgery theory.  The state opposed the motion.  The trial court, in a March 16, 2018 decision and entry, construed Davenport's motion as a petition for postconviction relief and denied the petition without a hearing.  The trial court found the petition was both untimely and barred by res judicata.  Davenport timely appeals.

## II.  Assignments of Error

{¶ 11} Davenport assigns the following errors for our review:

> [1.] The trial court erred (and continue to do so.) When it participates in criminal acts against the constitutional guarantees of the appellate.  These egregious, purposeful acts, specifically the Fourteenth Amendment.
>
> [2.] The trial court erred when it violated the "Due Process Clause" of the Fourteenth Amendment by Suppression of Evidence.
>
> [3.] Ineffective assistance of counsel.

(Sic passim.)

## III.  Standard of Review and Applicable Law

{¶ 12} " '[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.' " *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 7, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58.  Further, we review a trial court's decision to deny a postconviction petition without a

hearing under an abuse of discretion standard. *State v. Boddie*, 10th Dist. No. 12AP-811, 2013-Ohio-3925, ¶ 11, citing *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 14. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Boddie* at ¶ 11, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 13} As a general matter, a petition for postconviction relief is a collateral civil attack on a criminal judgment, not an appeal of the judgment. *Sidibeh* at ¶ 8, citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). A petition for postconviction relief " 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record.' " *Sidibeh* at ¶ 8, quoting *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000). Thus, a postconviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. *Sidibeh* at ¶ 8, citing *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 23. Instead, R.C. 2953.21 affords a petitioner postconviction relief " 'only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution.' " *Sidibeh* at ¶ 8, quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph four of the syllabus.

{¶ 14} Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief must be filed no later than 365 days after the expiration of the time for filing an appeal. A trial court may not entertain an untimely postconviction petition unless the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). If the petitioner can satisfy one of those two conditions, he must also demonstrate that but for the constitutional error at trial no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b). These requirements are jurisdictional. *See State v. Hollingsworth*, 10th Dist. No. 08AP-785, 2009-Ohio-1753, ¶ 8.

{¶ 15} The doctrine of res judicata places another significant restriction on the availability of postconviction relief. *Sidibeh* at ¶ 12. " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any

defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment.' " (Emphasis omitted.) *State v. Cole*, 2 Ohio St.3d 112, 113 (1982), quoting *Perry* at paragraph nine of the syllabus. "Res judicata also implicitly bars a petitioner from 're-packaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal." *Hessler* at ¶ 27.

{¶ 16} Further, a petitioner is not automatically entitled to an evidentiary hearing on a postconviction petition. *Sidibeh* at ¶ 13, citing *State v. Jackson*, 64 Ohio St.2d 107, 110-13 (1980). To warrant an evidentiary hearing, the petitioner bears the initial burden of providing evidence demonstrating a cognizable claim of constitutional error. *Sidibeh* at ¶ 13, citing R.C. 2953.21(D); *Hessler* at ¶ 24. The trial court may deny the petitioner's postconviction petition without an evidentiary hearing "if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief." *Sidibeh* at ¶ 13, citing *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus.

## IV. First, Second, and Third Assignments of Error – Petition for Postconviction Relief

{¶ 17} Davenport's three assignments of error are interrelated, and we address them jointly. Taken together, these assignments of error assert the trial court erred in denying Davenport's motion to vacate his conviction.

{¶ 18} In his three assignments of error, Davenport raises arguments he sought to litigate in his motion to vacate. Davenport does not provide any legal authority or rule that authorizes the filing of a purported motion to vacate a void judgment. "A motion that is not filed pursuant to a specific rule of criminal procedure 'must be categorized by a court in order for the court to know the criteria by which the motion should be judged.' " *State v. Elkins*, 10th Dist. No. 10AP-6, 2010-Ohio-4605, ¶ 7, quoting *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 10. In his motion, Davenport argues the trial court violated his constitutional rights through various actions during the pendency of his criminal case. Because Davenport filed his motion after his direct appeal and raised constitutional claims in an attempt to vacate his convictions, the trial court properly construed Davenport's motion as an untimely petition for postconviction relief. *Elkins* at ¶ 10; *State v. Chavis*,

10th Dist. No. 15AP-557, 2015-Ohio-5549, ¶ 13 (construing a motion to vacate a void judgment as a petition for postconviction relief), citing *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12 (noting "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged"); *State v. Campbell*, 10th Dist. No. 12AP-109, 2012-Ohio-5195, ¶ 6 (a trial court does not err in construing a motion filed after the opportunity for direct appeal had expired and claiming a denial of constitutional rights as a petition for postconviction relief).

{¶ 19} As we outlined above, there are certain limits to an untimely petition for postconviction relief. R.C. 2953.23(A). A trial court lacks jurisdiction to entertain an untimely or successive petition for postconviction relief unless the petition establishes that one of the exceptions in R.C. 2953(A) applies. *Campbell* at ¶ 9. As applicable here, a trial court may not entertain an untimely postconviction petition unless the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). If the petitioner can satisfy one of those two conditions, he must demonstrate that but for the constitutional error at trial, no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b).

{¶ 20} Here, Davenport does not assert that the United States Supreme Court has recognized a new federal or state right that applies retroactively to his situation. Therefore, the court "may not entertain" Davenport's untimely postconviction petition unless he demonstrates (1) that he was unavoidably prevented from discovering the facts necessary for his claim for relief, and (2) that but for a constitutional error, no reasonable factfinder would have found him guilty.

{¶ 21} In denying Davenport's untimely postconviction petition, the trial court concluded Davenport did not satisfy the requirements of R.C. 2953.23(A) that would allow the court to entertain his untimely petition. Davenport did not set forth any explanation for his delay in seeking relief. Moreover, the arguments in his petition relied on the same facts he has used to support his arguments in his various court filings throughout the past several years. In other words, Davenport does not point to any new facts outside the record that could even theoretically support a claim that he was unavoidably prevented from

discovering them.   Instead, through his petition, Davenport simply repeats the same arguments he has been making to the trial court since his first petition for postconviction relief filed May 20, 2014.  Thus, Davenport did not demonstrate that he was unavoidably prevented from discovering the facts necessary for his claim for relief.

{¶ 22} Because Davenport failed to establish the applicability of an exception that would allow the trial court to consider his untimely, successive postconviction petition, the trial court lacked jurisdiction to entertain Davenport's petition.  *State v. Battin*, 10th Dist. No. 17AP-911, 2018-Ohio-2533, ¶ 19, citing *State v. Ruark*, 10th Dist. No. 15AP-142, 2015-Ohio-3206, ¶ 14, citing *State v. Russell*, 10th Dist. No. 05AP-391, 2006-Ohio-383, ¶ 7.  Therefore, the trial court did not err in denying Davenport's petition.  Furthermore, because the trial court lacked jurisdiction to consider Davenport's petition, it was not required to hold an evidentiary hearing.  *Battin* at ¶ 19, citing *Ruark* at ¶ 14, citing *State v. Burke*, 10th Dist. No. 02AP-677, 2002-Ohio-6840, ¶ 19.

{¶ 23} For these reasons, we overrule Davenport's first, second, and third assignments of error.

## V.  Disposition

{¶ 24} Based on the foregoing reasons, the trial court did not err in denying Davenport's untimely petition for postconviction relief.  Having overruled Davenport's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.