[Cite as *State v. Carter*, 2019-Ohio-1749.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170655 |
| | | TRIAL NO. B-1500483 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| BRANDON CARTER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:  May 8, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Brandon Carter*, pro se.

**MYERS, Judge.**

{¶1}    Defendant-appellant Brandon Carter appeals the Hamilton County Common Pleas Court's judgment overruling his "Motion for Relief from Judgment Fraud upon the Court Pursuant to Civ.R. 60(B)(5)" and "Motion for Recusal."  We affirm the court's judgment.

{¶2}    Carter was indicted on two counts of aggravated robbery, two counts of robbery, three counts of felonious assault, and a single count of improperly handling firearms in a motor vehicle.  In 2015, a jury found Carter guilty of robbery as charged in count two of the indictment, but deadlocked on the remaining charges.  The trial court sentenced him on count two and entered judgment accordingly.  In 2016, facing retrial on the deadlocked charges, Carter pled guilty to robbery as a lesser-included offense of the aggravated robbery charged in count three, in exchange for dismissal of the remaining charges.  On direct appeal, we affirmed his 2015 conviction.  *State v. Carter*, 2017-Ohio-1328, 88 N.E.3d 513 (1st Dist.), *appeal not accepted*, 150 Ohio St.3d 1444, 2017-Ohio-7843, 82 N.E.3d 1176.  He did not appeal his 2016 conviction.

{¶3}    In 2017, Carter filed with the common pleas court motions captioned "Motion for Relief from Judgment Fraud upon the Court Pursuant to Civ.R. 60(B)(5)" and "Motion for Recusal."  In his "Motion for Relief from Judgment," Carter sought relief from his convictions on two grounds.  He asserted that the trial court, his trial counsel, and the prosecuting attorney had "conspired" to deny him the right to due process guaranteed under the Fourteenth Amendment to the United States Constitution, "when each participated in the Fraudulent acts that led to him being convicted of Count 2."  And he asserted that the trial court had denied him due

2

process and the protections of the Fifth Amendment's Double Jeopardy Clause by ordering a retrial on the deadlocked counts without discharging the jury as required by R.C. 2945.36(B) and then convicting him upon his guilty plea to count three. In his "Motion for Recusal," Carter requested that the trial judge recuse herself from deciding his "Motion for Relief from Judgment."

{¶4} In this appeal from the overruling of his motions, Carter presents four assignments of error.

### Motion for Relief from Judgment

{¶5} Assignments of error one through three challenge the common pleas court's failure to conduct a hearing on or to grant the relief sought in his "Motion for Relief from Judgment." The challenge is meritless.

{¶6} *Motion reviewable under postconviction statutes.* In his motion, Carter sought relief from his 2015 and 2016 convictions under Civ.R. 60(B), based on alleged due-process and double-jeopardy violations. Civ.R. 60(B) governs the proceedings upon a motion seeking relief from a judgment entered in a civil action. And Crim.R. 57(B) permits a court in a criminal matter to "look to the rules of civil procedure * * * if no rule of criminal procedure exists." But a rule of criminal procedure did exist: R.C. 2953.21 et seq. and Crim.R. 35 govern the proceedings upon a postconviction petition seeking relief from a conviction based on an alleged constitutional violation during the proceedings resulting in that conviction. *See* R.C. 2953.21(A)(1). Accordingly, the motion was not reviewable by the common pleas court under Civ.R. 60(B), but was reviewable under the postconviction statutes. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus (holding that a motion that does not designate a statute or rule under which

3

the relief sought might be afforded must be "recast" "into whatever category necessary to identify and establish the criteria by which the motion should be judged"); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993) (holding that a motion seeking relief from a criminal conviction based on an alleged constitutional violation in the proceedings leading to the conviction is reviewable under the postconviction statutes).

{¶7} *No jurisdiction to entertain late challenge to 2015 conviction.* The postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Carter's postconviction challenge to his 2015 robbery conviction. R.C. 2953.21(A)(2) requires that a postconviction petition be filed "no later than three hundred sixty-five days after the date on which the trial transcript [was] filed in the court of appeals in the direct appeal of the judgment of conviction." The transcript of the proceedings leading to Carter's 2015 conviction was filed in October 2015, and he filed his postconviction motion in May 2017, thus well after the time afforded under R.C. 2953.21(A)(2) had expired.

R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a late postconviction claim: the petitioner must show either that he was unavoidably prevented from discovering the facts upon which his claim depends, or that his claim is predicated upon a new, retrospectively applicable federal or state right recognized by the United States Supreme Court since the filing time expired or since filing his last petition; and he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted."

Carter's postconviction challenge to his 2015 robbery conviction did not satisfy the jurisdictional requirements for a late postconviction claim, because the record does not demonstrate that but for the alleged due-process violation, no reasonable factfinder would have found him guilty of that offense. Accordingly, the court had no jurisdiction to entertain that challenge.

{¶8} *Res judicata bars challenge to 2016 conviction.* Carter also sought in his motion relief from his 2016 conviction upon his guilty plea to robbery as a lesser-included offense of the aggravated robbery charged in count three. He asserted that ordering a retrial on the deadlocked counts without discharging the jury as required by R.C. 2945.36(B) had denied him the protections of the Due Process and Double Jeopardy Clauses.

{¶9} His postconviction challenge to his 2016 conviction was timely asserted. R.C. 2953.21(A)(2) requires a postconviction petitioner who, like Carter, has taken no direct appeal, to file his postconviction claim "no later than three hundred sixty-five days after the expiration of the time for filing the appeal." The time for appealing his May 2016 conviction expired in June 2016, and he filed his postconviction motion in May 2017, thus satisfying the time restrictions of R.C. 2953.21(A)(2).

{¶10} But the challenge was barred under the doctrine of res judicata. To prevail on a postconviction claim, the petitioner must demonstrate a denial or infringement of his rights in the proceedings resulting in his conviction that rendered the conviction void or voidable under the state or federal constitution. R.C. 2953.21(A)(1). The petitioner bears the initial burden of demonstrating "substantive grounds for relief"

through the petition, with its supporting affidavits and other documentary evidence, and the trial record. R.C. 2953.21(C).

{¶11} A postconviction claim is subject to dismissal without a hearing if the petitioner has failed to support the claim with evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. *Id.*; *State v. Pankey*, 68 Ohio St.2d 58, 59, 428 N.E.2d 413 (1981); *State v. Jackson,* 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus. Conversely, "the court must proceed to a prompt hearing on the issues" if "the petition and the files and records of the case show the petitioner is * * * entitled to relief." R.C. 2953.21(E).

{¶12} Under the doctrine of res judicata, a judgment of conviction bars a defendant from raising in any proceeding, other than a direct appeal from that judgment, any claim "that was raised or could have been raised" in the direct appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Thus, res judicata bars a postconviction claim that could fairly have been determined in the direct appeal, based upon the trial record and without resort to evidence outside the record. *Id.*; *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169 (1982).

{¶13} Carter's challenge in his motion to his 2016 conviction was not supported by, nor did it depend for its resolution upon evidence outside the record of the proceedings leading to that conviction. Because that challenge could fairly have been determined on direct appeal, it was subject to dismissal without an evidentiary hearing, under the doctrine of res judicata. *See Perry* at paragraph nine of the syllabus.

### *Motion for Recusal*

{¶14} In his fourth assignment of error, Carter asserts that the common pleas court, having served as the trial judge in the proceedings leading to his

convictions, "lacked impartiality" and thus abused its discretion in overruling his motion for recusal from deciding his motion for relief from those convictions. We do not reach the merits of this challenge.

{¶15} Article IV, Section 5(C), of the Ohio Constitution confers upon the Chief Justice of the Ohio Supreme Court or the Chief Justice's designee the authority to "pass upon the disqualification of any judge of the * * * courts of common pleas." R.C. 2701.04 provides the procedures for filing an affidavit of disqualification against a common pleas court judge.

{¶16} In its 1978 decision in *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775 (1978), the Ohio Supreme Court reversed an appeals court's decision declaring a trial court's judgment void on the ground that the trial judge was disqualified from hearing the case. Citing the constitutional and statutory provisions for disqualification of a common pleas court judge, the Supreme Court held that the court of appeals was "without authority to pass upon disqualification or to void the judgment of the trial court upon that basis," because "only the Chief Justice or his designee may hear disqualification matters." *Beer* at 441-442.

{¶17} This court has followed *Beer* to hold that a court of appeals has no "authority" or "jurisdiction" to decide the matter of disqualification of a judge for bias or prejudice. *See, e.g., Taft, Stettinius, & Hollister, LLP v. Calabrese*, 2016-Ohio-4713, 69 N.E.3d 72, ¶ 29 (1st Dist.) (overruling an assignment of error contending that the trial judge had been biased and should have recused, because a court of appeals has no "authority" to determine whether a trial judge was biased or prejudiced); *Goddard v. Children's Hosp. Med. Ctr.*, 141 Ohio App.3d 467, 469-470, 751 N.E.2d 1062 (1st Dist. 2000) (holding that a court of appeals has no

7

"jurisdiction" to review a common pleas court's judgment overruling a motion for recusal); *State v. Minnifield*, 1st Dist. Hamilton No. C-930459, 1994 WL 201824, *1 (May 25, 1994) (holding that the court of appeals has no "jurisdiction" to determine disqualification of the common pleas court judge, regardless of whether R.C. 2701.03 disqualification was sought).

{¶18} In 2012, the Ohio Supreme Court in *State ex rel. Hough v. Saffold*, 131 Ohio St.3d 54, 2012-Ohio-28, 960 N.E.2d 451 (2012), denied Hough's petition for writs of mandamus and procedendo to compel the common pleas court to issue a final appealable order overruling Hough's motion for recusal from his case. The Supreme Court cited its decision in *Beer* and our decision in *Goddard* to hold that Hough was "not entitled to a final, appealable order on the judge's denial of his motion to recuse herself, because a court of appeals lacks jurisdiction to review these decisions." *Hough* at ¶ 1-2.

{¶19} In 2014, the Ohio Supreme Court reaffirmed its holding in *Beer* in *State v. Osie,* 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588. Osie contended that his trial judge should have recused because his pecuniary relationship with the defense's mitigation specialist created an appearance of impropriety. The Supreme Court overruled that proposition of law, holding that the constitution "vests exclusive authority to pass on disqualification matters in the chief justice or her designee," and that a party who fails to file an R.C. 2701.03 affidavit of disqualification "waive[s]" that claim and is " 'foreclosed from bringing such a complaint' on appeal of his conviction." *Osie* at ¶ 62-66, citing *Beer* at 441-442, and quoting *State v. Moore,* 93 Ohio St.3d 649, 650, 758 N.E.2d 1130 (2001).

{¶20} In *Osie*, the Supreme Court also noted an exception to the rule of *Beer* and its progeny. The court went on, in a footnote, to distinguish Osie's judicial-bias claim from the judicial-bias claim upon which the court had reversed a conviction in *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97. The court in *Dean* held that a reviewing court may consider a judicial-bias claim that, unlike Osie's claim, is "inextricably entwined" with another claim, such that the other claim "could not [be] fully consider[ed] * * * without considering the bias claim." *Osie* at ¶ 65, fn. 5, quoting *Dean* at ¶ 48 and 66-75.

{¶21} A similar distinction underlay our 2017 decision in *State v. Loudermilk*, 2017-Ohio-7378, 96 N.E.3d 1037 (1st Dist.). In *Loudermilk*, we addressed on the merits, but overruled, an assignment of error alleging that judicial bias had denied the appellant a fair trial. We noted that "[t]he term 'judicial bias' has developed two related but independent meanings," one relating to "the formal process used to remove a judge from hearing a case because the judge has an interest in the matter or is prejudiced in favor of one party," and a second, alleged by Loudermilk, occurring "when a judge's conduct in overseeing a case prevents a party from receiving a fair trial." *Id.* at ¶ 17. We concluded that the court has "the authority to review a claim of judicial bias as it impacts the outcome of the case." *Id.* at ¶ 19.

{¶22} Nevertheless, the Ohio Supreme Court has continued to read the constitution to vest in the chief justice or the chief justice's designee the "exclusive" or "sole" authority to pass on the matter of disqualification of a common pleas court judge. *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, 73 N.E.3d 414, ¶ 34; *Osie* at ¶ 62, citing *Beer* at 441-442. And we have consistently followed *Beer* to hold

that, as a consequence of that grant of authority, this court is without jurisdiction to review a common pleas court's judgment overruling a motion for recusal. *See, e.g., State v. Hughbanks*, 1st Dist. Hamilton No. C-010372, 2003-Ohio-187, ¶ 4-8; *Goddard* at 469-470.

{¶23} In his fourth assignment of error in this appeal from the overruling of his "Motion for Recusal," Carter does not allege that any claimed judicial bias is inextricably intertwined with another claim. He challenges the common pleas court judge's failure to disqualify herself from deciding his postconviction motion for relief from his convictions. We have no jurisdiction to review the matter of disqualification of a common pleas court judge. Accordingly, we do not reach the merits of the fourth assignment of error.

{¶24} *Due-process, double-jeopardy, and judicial-bias challenges would not have rendered the convictions void.* Finally, a court always has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. But the challenges presented in Carter's motions, even if demonstrated, would not have rendered his convictions void. *See State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 8; *State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 9-16 (holding that a judgment of conviction is void only to the extent that a sentence is unauthorized by statute or does not include a statutorily mandated term or if the trial court lacks subject-matter jurisdiction or the authority to act); *see also Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 14-15 (noting the "traditional[]" rule that, except with certain sentencing errors, a judgment is not void unless "a court acts without subject-matter

jurisdiction"). *See also Risner v. Ohio Dept. of Natural Resources*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 27 (holding that a double-jeopardy challenge may be forfeited); *State ex rel. Bevins v. Cooper*, 138 Oho St.3d 275, 2014-Ohio-544, 6 N.E.3d 33, ¶ 8 (holding that a challenge to compliance with R.C. 2945.36 is forfeited by the failure to object before retrial on the charges); *Beer*, 54 Ohio St.2d at 441-442, 377 N.E.2d 775 (holding that the court of appeals has no authority to void a trial court's judgment on the basis of judicial disqualification).

### *We Affirm*

{¶25}   We do not reach the merits of Carter's fourth assignment of error, because we have no jurisdiction to review his challenge on appeal to the overruling of his "Motion for Recusal."  We overrule assignments of error one through three, because Carter's "Motion for Relief from Judgment" was subject to dismissal without a hearing. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect the dismissal of the "Motion for Relief from Judgment." And we affirm the judgment as modified.

Judgment affirmed as modified.

**MOCK, P.J.**, and **ZAYAS, J.**, concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.