[Cite as *State v. Teitelbaum*, 2019-Ohio-3175.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

     Plaintiff-Appellee,                      :
                                                                     No. 19AP-137
v.                                                         :        (C.P.C. No. 11CR-6440)

Daniel Teitelbaum,                              :        (ACCELERATED CALENDAR)

     Defendant-Appellant.                   :

---

D E C I S I O N

Rendered on August 8, 2019

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Daniel Teitelbaum*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Daniel Teitelbaum, appeals from the judgment of the Franklin County Court of Common Pleas denying his Civ.R. 60 motion for relief from judgment. For the following reasons, we find appellant's motion to constitute an untimely and successive petition for postconviction relief and affirm the trial court judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In April 2014, a jury found appellant guilty of two counts of aggravated murder, one count of aggravated burglary, and one count of tampering with evidence. The trial court merged the aggravated murder charges and sentenced appellant to life without the possibility of parole, to be served concurrently with a six-year sentence on the aggravated burglary charge and one-year sentence on the tampering charge and consecutively to two additional three-year terms for firearm specifications. Appellant filed

a direct appeal asserting nine assignments of error. This court affirmed the trial court judgment in *State v. Teitelbaum*, 10th Dist. No. 14AP-310, 2016-Ohio-3524, and subsequently denied appellant's applications for reconsideration and reopening under App.R. 26(A) and (B). The Supreme Court of Ohio declined to accept a jurisdictional appeal of *Teitelbaum*.

{¶ 3} On July 16, 2015, appellant filed a postconviction petition, pursuant to R.C. 2953.21, asserting seven claims, including that his constitutional rights were violated by the inclusion of false text messages and phone records and that his defense counsel was ineffective in failing to obtain his phone records to refute the state's theory of the case, failing to obtain a geolocation expert to challenge the state's GPS and cell phone geolocation evidence, failing to call a certain DNA expert, and failing to challenge the state's timeline and time of death. Appellant requested an evidentiary hearing and filed two additional motions for expert assistance and a motion for appointment of counsel. Plaintiff-appellee, State of Ohio, both opposed and moved to dismiss the motion. On March 21, 2016, the trial court denied appellant's petition and motions for assistance. In early 2017, this court denied appellant's motion for leave to file a delayed appeal of the March 21, 2016 order and ultimately dismissed the appeal.

{¶ 4} On February 4, 2019, appellant filed the "Motion for Relief from Judgment" under Civ.R. 60(B) at issue in the instant appeal. The motion was based on two grounds. First, appellant claimed that under Civ.R. 60(B)(4), a new United States Supreme Court ruling in *Carpenter v. United States*, ___ U.S. ___, 138 S.Ct. 2206 (2018), shows that appellant's expectation of privacy and right to be protected against unreasonable searches and seizures was violated, entitling him to have his conviction reversed. Second, appellant claimed that under Civ.R. 60(B)(3), fraud, collusion, conspiracy, and obstruction of justice by state prosecutors and defense counsel renders the judgment of conviction void. Appellant noted that if a Civ.R. 60(B) motion is not the appropriate legal instrument, the trial court may recast his motion as a petition for postconviction relief. On February 11, 2019, the trial court found the motion "not well taken and hereby denie[d] the same." (Feb. 11, 2019 Jgmt. at 1.)

{¶ 5} Appellant filed a timely notice of appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 6}   Appellant assigns the following as trial court error:

1. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE PLAINTIFF-APPELLANT'S MOTION UNDER RULES CIVIL OF PROCEDURE 60(B)(4).

2. PLAINTIFF-APPELLANT'S 4TH AMENDMENT RIGHT TO BE SECURE AGAINST UNREASONABLE SEARCHES AND SEIZURES WAS VIOLATED BY THE STATE OF OHIO'S USE OF CELL-SITE LOCATION INFORMATION (CSLI).

3. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE PLAINTIFF-APPELLANT'S MOTION UNDER RULES CIVIL OF PROCEDURE 60(B)(3).

4. STATE PROSECUTORS AND DEFENSE COUNSEL COMMITTED FRAUD AND COLLUSION DURING TRIAL, RENDERING THE TRIAL VERDICT VOID.

## III. LEGAL ANALYSIS

### A. Appellant's Second Assignment of Error

{¶ 7}   For clarity of analysis, we will address appellant's assignments of error out of order.  In appellant's second assignment of error, he asserts relief should be granted under Civ.R. 60(B)(4) because under the United States Supreme Court case *Carpenter*, his fourth amendment right to be secure against unreasonable searches and seizure was violated by the state's use of cell-site location information ("CSLI").  Specifically, appellant argues that, contrary to *Carpenter*, the government used a subpoena instead of a warrant to acquire appellant's CSLI, the state used his CSLI to put appellant at the scene of the crime, and the jury and this court relied on the CSLI in convicting him and affirming the convictions, respectively.  Regarding the timeliness of his motion, appellant asserts he "submitted his 'Motion for Relief from Judgment' well under one year after the *Carpenter* decision was rendered."  (Appellant's Brief at 11.)

{¶ 8}   Appellee counters that appellant's motion must be construed as a postconviction petition under *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, and then barred as an untimely and successive postconviction petition.  Appellee states that even viewed under the standards of a Civ.R. 60(B) motion, it is nonetheless untimely.

{¶ 9}   We agree with appellee that appellant's motion should be construed as a postconviction petition in regard to his claim involving *Carpenter*.  In *Schlee*, the defendant

filed a motion for relief from judgment pursuant to Civ.R. 60(B). The Supreme Court of Ohio found the Civ.R. 60(B) motion filed by Schlee met the definition of a petition for postconviction relief, pursuant to R.C. 2953.21(A)(1), in that it was filed subsequent to his direct appeal, claimed a denial of constitutional rights, and sought reversal of the judgment rendered against him. The Supreme Court concluded that since the Civ.R. 60(B) motion filed by Schlee could have been filed as a petition for postconviction relief, resort to civil rules was unnecessary. Therefore, the Supreme Court held that Schlee's motion for relief from judgment was properly recast as a petition for postconviction relief when the motion had been unambiguously presented as a Civ.R. 60(B) motion.

{¶ 10} Similarly here, appellee filed his motion subsequent to his direct appeal, claims a denial of constitutional rights with regard to his *Carpenter* claim, and seeks reversal of the judgment rendered against him. Therefore, on the facts of this case, appellant's motion meets the definition of a petition for postconviction relief, pursuant to R.C. 2953.21, in regard to his *Carpenter* claim. *Schlee* at ¶ 12; *State v. Davenport*, 10th Dist. No. 18AP-228, 2018-Ohio-3949, ¶ 18 ("Because Davenport filed his motion after his direct appeal and raised constitutional claims in an attempt to vacate his convictions, the trial court properly construed Davenport's motion as an untimely petition for postconviction relief."); *State v. Campbell*, 10th Dist. No. 12AP-109, 2012-Ohio-5195, ¶ 6 (a trial court does not err in construing a motion filed after the opportunity for direct appeal had expired and claiming a denial of constitutional rights as a petition for postconviction relief). *See also* R.C. 2953.21(K), which specifies that R.C. 2953.21 "is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case."

{¶ 11} R.C. 2953.21(A) governs the right to seek postconviction relief. *State v. Lacking*, 10th Dist. No. 14AP-691, 2015-Ohio-1715, ¶ 10. "The process only allows for 'a collateral civil attack on the judgment' and is not a means to relitigate the substantive issues raised in a direct appeal." *State v. Conway*, 10th Dist. No. 17AP-504, 2019-Ohio-2260, ¶ 12, quoting *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). " 'Postconviction review is a narrow remedy, since *res judicata* bars any claim that was or could have been raised at trial or on direct appeal.' " *Conway* at ¶ 12, quoting *Steffen* at 410. Successive petitions for postconviction relief are generally prohibited. *State v. Apanovitch*, 155 Ohio St.3d 358,

2018-Ohio-4744, ¶ 21 ("R.C. 2953.23(A) allows a prisoner to file only one postconviction petition in most situations.").

{¶ 12} Furthermore, a petition for postconviction relief is subject to timeliness requirements excused only by limited exceptions defined by statute. Pertinent to the facts here, if a direct appeal has been taken by the defendant, an R.C. 2953.21(A) petition must generally be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." R.C. 2953.21(A)(2). "However, R.C. 2953.23(A) permits a prisoner to file an untimely, successive petition for postconviction relief only under specific, limited circumstances." *Apanovitch* at ¶ 22. R.C. 2953.23(A)(1) states in pertinent part:

> Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless * * *:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

"[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *Apanovitch* at ¶ 36. *State v. Jones*, 10th Dist. No. 18AP-578, 2019-Ohio-1014, ¶ 15-17. The standard of review for whether a petition satisfied the jurisdictional requirement for review of a

successive petition under R.C. 2953.23(A) is a legal question reviewed de novo. *Conway* at ¶ 11.

{¶ 13} Here, the trial transcripts in the court of appeals in the direct appeal of the judgment of conviction was filed on January 8, 2015, and appellant filed the instant "Motion for Relief from Judgment" on February 4, 2019. The record also shows appellant filed a previous petition for postconviction relief in 2015. Therefore, appellant's petition was both untimely and successive. R.C. 2953.21(A)(2); *Apanovitch* at ¶ 21.

{¶ 14} Furthermore, the limited exceptions that allow a trial court to consider an untimely or successive postconviction petition under R.C. 2953.23(A) do not apply in this case. Regarding the first exception stated in R.C. 2953.23(A)(1)(a), the fact that no warrant was used to obtained the cell-site location information was apparent at the time of trial. Appellant, therefore, was not "unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief." R.C. 2953.23(A)(1)(a). Regarding the second exception stated in R.C. 2953.23(A)(1)(a), appellant has not shown *Carpenter* applies retroactively to this case. *Carpenter* did not hold that it applies retroactively, and, under the test for application of new judicial rulings stated in *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, the new judicial ruling would not apply since appellant's case became final in 2016 when he exhausted his appellate remedies and, therefore, was not "pending on the announcement date" of the *Carpenter* decision. *Ali* at ¶ 6; *State v. Lynch*, 10th Dist. No. 15AP-123, 2015-Ohio-3366, ¶ 12.

{¶ 15} Finally, regarding R.C. 2953.23(A)(1)(b), appellant did not show by clear and convincing evidence that, but for the alleged constitutional error at trial, no reasonable factfinder would have found appellant guilty of the offenses. As indicated in our disposition of appellant's direct appeal, ample evidence supported the jury's verdicts beyond the cell-tower data, including: appellant's contentious legal battle with the victim; appellant's journal entries showing a preoccupation with his hatred for the victim; forensic evidence that established the victim died from the same type of gun supplied to appellant by a friend; GPS data from a device appellant had rented; DNA found on the inside of the victim's doorknob that was consistent with appellant's DNA; surveillance footage showing appellant disposing of items off a bridge the evening the victim was shot; surveillance footage showing appellant buying a change of clothes at Walmart and appearing to do something with his

license plates; evidence showing appellant grew a beard in the months leading up to the victim's death and shaved it off immediately afterward; and testimony that a border control agent caught appellant attempting to cross into Canada during the time appellant was being investigated.  Therefore, the limited exceptions that allow a trial court to consider an untimely or successive postconviction petition under R.C. 2953.23(A) do not apply in this case.

{¶ 16} Considering all the above, we find appellant's failure to satisfy R.C. 2953.23(A) deprived the trial court of jurisdiction to adjudicate the merits of the untimely and successive postconviction petition regarding his *Carpenter* claim.  *Apanovitch* at ¶ 36, 41; *Jones* at ¶ 15-17.  Our disposition of the jurisdictional issue renders moot appellant's second assignment of error, which addresses the merits of his petition.  *Id.* at ¶ 19.

{¶ 17} Accordingly, appellant's second assignment of error is rendered moot. App.R. 12(A)(1)(c).

### B.  Appellant's First Assignment of Error

{¶ 18}  Under his first assignment of error, appellant contends the trial court's denial of his motion under Civ.R. 60(B)(4) was insufficient and an abuse of discretion because the decision did not include reasons, findings of fact, or cited authority in support of denial. However, appellant has not provided a legal argument with citations to the authorities on which he relies.  Therefore, appellant has not met his burden in demonstrating error on appeal in this regard.  App.R. 16(A)(7); *State v. Sims*, 10th Dist. No. 14AP-1025, 2016-Ohio-4763, ¶ 11 (stating general rule that an appellant bears the burden of affirmatively demonstrating error on appeal); *State v. Smith*, 9th Dist. No. 15AP0001n, 2017-Ohio-359, ¶ 22 (noting that it is not the duty of an appellate court to create an argument on an appellant's behalf).

{¶ 19} Furthermore, as explained in our resolution of the second assignment of error, we construe appellant's Civ.R. 60(B)(4) motion to be an untimely and successive petition for postconviction relief.  "[A] trial court need not issue findings of fact and conclusions of law when it dismisses an untimely [postconviction-relief] petition." (Internal quotations omitted.)  *State v. Strickland*, 10th Dist. No. 14AP-307, 2014-Ohio-5105, ¶ 17.  Therefore, appellant's assignment of error lacks merit.

{¶ 20} Accordingly, we overrule appellant's first assignment of error.

### C. Appellant's Third and Fourth Assignments of Error

{¶ 21} In his third assignment of error, appellant states the trial court abused its discretion in denying his motion under the rules of Civ.R. 60(B)(3). In appellant's fourth assignment of error, he asserts relief should be granted under Civ.R. 60(B)(3) because of evidence of fraud and collusion committed by the defense counsel and prosecutors related to an alleged leak of privileged information during trial regarding the name of the victim's gym. Appellant asserts the leak of information was unfair, illegal, and contrary to protections afforded by the Ohio Constitution for attorney-client communications. According to appellant, because the conviction was procured by fraud and collusion, and because defense counsel's cover up of the leak was intentional, the judgment is void and neither the time limits of Civ.R. 60(B) nor res judicata apply.

{¶ 22} As a preliminary issue, appellant does not argue his third assignment of error separately from the fourth assignment of error as required by App.R. 16(A)(7), which provides an appellant "shall include in its brief * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error." As stated by App.R. 12(A)(2), this court "may disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Regardless, like his *Carpenter* claim, the collective arguments provided by appellant under his third and fourth assignments of error were brought in what we find to be an untimely and successive petition for postconviction relief.

{¶ 23} R.C. 2953.21 "is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(K). *State v. White*, 10th Dist. No. 17AP-538, 2017-Ohio-8750, ¶ 10. A motion for relief from judgment is properly construed as an R.C. 2953.21 petition for postconviction relief, "where a criminal defendant, subsequent to his direct appeal, files a motion seeking to vacate or correct his sentence on the basis that his constitutional rights have been violated." (Internal quotation omitted.) *White* at ¶ 8.

{¶ 24} Here, appellee filed his motion subsequent to his direct appeal and moved to "void" the judgment. (Appellant's Mot. at 18.) Furthermore, appellant's claim regarding evidence of fraud and collusion committed by the defense counsel and prosecutors both expressly invokes protections afforded by the Ohio Constitution and implicate fundamental

fairness principles protected by his constitutional right to due process. *See State v. Carter*, 1st Dist. No. C-170655, 2019-Ohio-1749, ¶ 3 (construing defendant-appellant's Civ.R. 60(B) "Motion for Relief from Judgment" as an R.C. 2953.21 petition where the appellant asserted the trial court, his trial counsel, and the prosecuting attorney had conspired to deny him the right to due process by participating in fraudulent acts that led to him being convicted); *Schlee* at ¶ 4, 12 (finding it proper to recast the defendant-appellant's Civ.R. 60(B) motion for relief from judgment as a petition for postconviction relief where appellant's motion alleged prosecutorial misconduct as well as a double jeopardy claim). We note the cases cited by appellant,[1] which involved underlying civil disputes rather than postconviction proceedings, do not support the application of Civ.R. 60(B) in similar circumstances to this case. Therefore, considering all the above, we agree with appellee that appellant's Civ.R. 60(B) motion was an improper vehicle to challenge his convictions and that his claim as to collusion and fraud in his motion may be construed as a petition for postconviction relief in this case.

{¶ 25} Under R.C. 2953.21(A)(2), appellant's petition for postconviction relief pertaining to alleged fraud and collusion is both successive and untimely. As discussed in the second assignment of error, under R.C. 2953.21(A)(2), appellant's petition is his second attempt at postconviction relief and was filed on February 4, 2019, well beyond the 365-day deadline.

{¶ 26} Furthermore, the limited exceptions that allow a trial court to consider an untimely or successive postconviction petition under R.C. 2953.23(A) do not apply in regard to his fraud/collusion claim. Specifically, under R.C. 2953.23(A)(1), appellant does not assert his claim is based on a new federal or state right that applies retroactively to him, and appellant does not explain how he was unavoidably prevented from discovery of the facts regarding the alleged leaking of information about the gym. To the contrary, appellant cites the testimony and closing arguments from trial as evidence of alleged fraud and collusion. Finally, appellant has not shown by clear and convincing evidence that, but for the alleged leaking of information about the victim's gym, no reasonable factfinder would have found the petitioner guilty of the offenses under R.C. 2953.23(A)(1)(b). As provided

---

[1] *Chilcote v. Kugelman*, 8th Dist. No. 98873, 2013-Ohio-1896, ¶ 2, and *Hill v. Ross*, 8th Dist. No. 99094, 2013-Ohio-1903, ¶ 19.

in more detail in the second assignment of error and indicated in our disposition of appellant's direct appeal, ample evidence supported the jury's verdicts beyond the cell-tower data. Therefore, the limited exceptions that allow a trial court to consider an untimely or successive postconviction petition under R.C. 2953.23(A) do not apply in this case.

{¶ 27} To the extent appellant argues timeliness requirements do not apply at all to judgments of conviction which are "void," we find appellant has not demonstrated that appellant's judgment of conviction is void or that the timeliness requirements for postconviction petitions do not apply in this case. (Appellant's Brief at 18.) Considering all the above, we find appellant's failure to satisfy R.C. 2953.23(A) deprived the trial court of jurisdiction to adjudicate the merits of the untimely and successive postconviction petition regarding his fraud/collusion claim. *Apanovitch* at ¶ 36, 41; *Jones* at ¶ 15-17.

{¶ 28} Accordingly, our disposition of the jurisdictional issue renders moot appellant's third and fourth assignments of error, which address the merits of his petition. *Jones* at ¶ 19; App.R. 12(A)(1)(c).

## IV. CONCLUSION

{¶ 29} The trial court lacked subject-matter jurisdiction over appellant's untimely and successive petition for postconviction relief. *Apanovitch* at ¶ 36, 41; *Jones* at ¶ 15-17. While generally the trial court "should dismiss a petition for postconviction relief when jurisdiction is lacking rather than denying the petition on some other grounds," in this case we "nevertheless conclude that the trial court did not err in its disposition of appellant's petition, and we affirm the trial court's judgment, albeit for different reasons than the trial court." *Jones* at ¶ 17, 18.

{¶ 30} Accordingly, having overruled appellant's first assignment of error and determined appellant's second, third, and fourth assignments of error are moot, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and BEATTY BLUNT, JJ., concur.

_____