OPINION
{¶ 1} This is an appeal by defendant-appellant, Nicholas I. Stanishia, from a judgment of the Franklin County Court of Common Pleas, overruling appellant's petition to vacate or set aside his judgment of conviction.
 {¶ 2} On March 30, 2000, appellant was indicted on two counts of aggravated murder, one count of attempted murder and one count of aggravated burglary. Each of the counts included a firearm specification. Following a jury trial, appellant was found guilty on all counts, including the specifications, and the trial court sentenced him by judgment entry filed on October 10, 2001.
 {¶ 3} On November 14, 2001, appellant, through counsel, filed a motion for leave to appeal, pursuant to App.R. 5. By entry filed December 19, 2001, this court granted the motion. On April 15, 2002, the trial transcript was filed.
 {¶ 4} In the appeal of his convictions, appellant asserted that the trial court failed to make requisite statutory findings before imposing consecutive sentences, and that the court erred by imposing more than the minimum sentences on the attempted murder and aggravated burglary counts without first making requisite statutory findings. In State v.Stanishia, Franklin App. No. 01AP-1298, 2002-Ohio-4762 ("Stanishia I"), at ¶ 7, this court affirmed the judgment of the trial court, agreeing with the state's contention that "defendant's `sentence of life without the possibility of parole renders the additional terms irrelevant and the failure [of] the trial court to recite the statutorily required language harmless.'" Appellant's further appeal to the Ohio Supreme Court was not accepted for review. State v. Stanishia, 99 Ohio St.3d 1457,2003-Ohio-3514.
 {¶ 5} On December 6, 2002, appellant filed an application to reopen his appeal and the judgment of this court rendered in Stanishia I,
supra. In his application to reopen, appellant asserted that he was prejudiced by the introduction of certain evidence. Specifically, he asserted that, "error occurred when the trial court, over the objection of defense counsel, permitted the state to introduce as evidence a handwritten piece of paper containing the address [1450 King Avenue] where the murder had occurred." State v. Stanishia (Mar. 20, 2003), Franklin App. No. 01AP-1298 ("Stanishia II"). Appellant argued that the state improperly used the paper to connect him to the crime, and that the state "failed to establish chain of custody from the vehicle in which the paper was allegedly found to the courtroom where it was presented to witness Mary Beth Hoffman for identification." Id.
 {¶ 6} In Stanishia II, this court rejected appellant's contention, holding that "chain of custody was clearly established by direct testimony and by inference." Id. This court further determined that, even if error had occurred by the trial court permitting the state to use the piece of paper, such error was harmless. Accordingly, this court denied appellant's application to reopen his appeal.
 {¶ 7} On October 7, 2002, appellant filed with the trial court a petition for post-conviction relief. In the petition, he alleged that the prosecutor engaged in misconduct based upon the admission of a piece of paper containing the address "1450 King Avenue" written on it. The trial court overruled the petition, noting that this court, in Stanishia II,
held that, even if the trial court erred in permitting this evidence to be admitted, such error was harmless.
 {¶ 8} On appeal, appellant sets forth the following single assignment of error for review:
The defendant was denied due process of law under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution when the prosecutor used testimony that he knew to be perjured.
 {¶ 9} At the outset, we address a jurisdictional issue raised by the state of Ohio, defendant-appellee. Specifically, the state contends that the trial court should have dismissed appellant's petition for post-conviction relief because it was not timely filed. Upon review, we agree.
 {¶ 10} R.C. 2953.21 sets forth the requirements for filing a petition for post-conviction relief. R.C. 2953.21(A)(2) provides:
A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 {¶ 11} In the present case, the trial court, in addressing the issue of timeliness, held as follows:
Defendant had one hundred eighty (180) days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. In the instant case, the trial transcript was filed April 15, 2002, in the direct appeal. Defendant filed his post-conviction petition October 7, 2002, which is one hundred seventy-five (175) days after the transcript was filed. Accordingly, it was timely.
 {¶ 12} The record indicates, however, that appellant failed to file a timely appeal from the trial court's judgment of conviction and sentence filed on October 10, 2001. Rather, after the expiration of the 30-day time period for filing an appeal (i.e., in this case, November 9, 2001), appellant's counsel filed, on November 14, 2001, a motion for leave to file a delayed appeal, which this court granted by entry filed on December 19, 2001.
 {¶ 13} The language of the final sentence set forth in R.C.2953.21(A)(2) "has been interpreted to include those delayed appeals permitted pursuant to App.R. 5(A)." State v. Cobb, Cuyahoga App. No. 80265, 2002-Ohio-2138, at ¶ 26. Thus, appellate courts, including this court, have held that a delayed appeal "does not toll the time for filing a motion for postconviction relief under R.C. 2953.21(A)(2)," and a petitioner "must file a petition within one hundred eighty days after the time for filing a direct appeal as of right expires pursuant to App.R. 4(A)." State v. Fields (1999), 136 Ohio App.3d 393, 396, citingState v. Price (Sept. 29, 1998), Franklin App. No. 98AP-80, and State v.Johnson (Apr. 21, 1999), Muskingum App. No. CT98-0029. See, also, Statev. Weaver (July 27, 1999), Franklin App. No. 98AP-1345 ("the time requirements of R.C. 2953.21[A][2] are not extended by an appellate court granting a delayed appeal"); State v. Bird (2000), 138 Ohio App.3d 400,404-405 (petition for post-conviction relief was untimely even though petitioner filed his petition less than 180 days after trial transcript was filed in his delayed appeal).
 {¶ 14} Because appellant's petition was filed beyond the time period set forth in R.C. 2953.21(A)(2), "it could have been considered only as an untimely petition for postconviction relief filed pursuant to R.C. 2953.23." State ex rel. Reynolds v. Basinger, 99 Ohio St.3d 303,2003-Ohio-3631, at ¶ 7.
 {¶ 15} Pursuant to R.C. 2953.23(A), in order for an untimely petition to be considered, a petitioner must demonstrate:
* * *
(1) Either of the following applies:
(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
(b) Subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 16} In the instant case, appellant has not demonstrated any of the above requirements. In his petition for post-conviction relief, appellant asserted that his petition, if found to be not timely, "was untimely * * * based upon newly discovered evidence which could not be discovered with reasonable diligence within the 180 day time limit, such evidence being the attached affidavit of Richard Gould, received by Petitioner on the 27th day of September, 2002." We find no merit to the contention that the affidavit of Gould was "newly discovered evidence." Rather, the record indicates that Gould was on the state's witness list, and that he was subpoenaed to testify at appellant's trial. Thus, because the witness was "known to the defense at trial," appellant has failed to demonstrate that he was unavoidably prevented from discovering the facts supporting his petition. State v. Wheatt (Oct. 26, 2000), Cuyahoga App. No. 77292. See, also, State v. Saban (Mar. 18, 1999), Cuyahoga App. No. 73647 (evidence neither new nor not discoverable where witnesses were known to the defense, on a witness list, and subpoenaed to testify).
 {¶ 17} Thus, finding none of the requirements of R.C. 2953.23 to be applicable, we agree with the state's contention that, because appellant filed his petition more than 180 days after the time for filing a direct appeal expired, the trial court should have dismissed the petition. As such, we do not address appellant's assignment of error, and the appeal is hereby dismissed, sua sponte. See State v. Hanks (June 25, 1998), Franklin App. No. 98AP-70.
Appeal dismissed.
Bryant and Klatt, JJ., concur.