[Cite as *State v. Neil*, 2019-Ohio-2529.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-609<br>(C.P.C. No. 12CR-5963) |
| v. | : | No. 18AP-610<br>(C.P.C. No. 13CR-4174) |
| Miguel Neil, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

---

# D E C I S I O N

### Rendered on June 25, 2019

---

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

**On brief**: *Miguel Neil*, pro se.

---

APPEALS from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} In these consolidated appeals, defendant-appellant, Miguel Neil, appeals from a judgment of the Franklin County Court of Common Pleas denying his requests for post-conviction relief.

{¶ 2} The following background facts are taken primarily from this court's decision in *State v. Neil,* 10th Dist. No. 14AP-981, 2016-Ohio-4762, following appellant's appeal of his convictions for 30 counts of robbery and 6 counts of kidnapping in Franklin C.P. Nos. 12CR-5963 and 13CR-4174. The charges against appellant arose out of a "series of robberies that occurred in 2011 and two robberies that occurred in 2012." *Id.* at ¶ 2. Columbus police arrested appellant on November 15, 2012 "immediately following the final robbery." *Id.*

{¶ 3}    In case No. 12CR-5963, appellant was indicted on 4 counts of robbery and 6 counts of kidnapping arising out of the 2012 robberies.  He also was indicted in case No. 13CR-4174 on 26 counts of robbery and 1 count of kidnapping, arising from 13 separate robberies committed in 2011.  Pursuant to a motion filed by plaintiff-appellee, State of Ohio, the trial court joined the indictments for a single trial.

{¶ 4}    The matter came for trial before a jury beginning September 24, 2014.  At the close of trial, the trial court dismissed 1 of the counts (Count 6) in case No. 12CR-5963.  The jury returned guilty verdicts as to the remaining counts in case No. 12CR-5963 (i.e., 4 counts of robbery and 5 counts of kidnapping), and the jury also returned verdicts finding appellant guilty of 26 counts of robbery and 1 count of kidnapping in case No. 13CR-4174.  On October 31, 2014, the trial court issued judgment entries in both cases, finding that "certain charges merged for purposes of sentencing and that certain portions of the sentence were to be served consecutively with each other, for a total sentence of 42 years imprisonment."  *Id.* at ¶ 26.

{¶ 5}    On November 25, 2014, appellant filed a notice of appeal in case No. 12CR-5963.  On June 17, 2015, appellant filed a motion for leave to file a delayed appeal in case No. 13CR-4174.  By entry filed June 25, 2015, this court granted the motion for leave to appeal.  In *Neil,* this court affirmed the convictions in case Nos. 12CR-5963 and 13CR-4174.

{¶ 6}    On February 3, 2016, appellant filed a pro se petition for post-conviction relief under case No. 12CR-5963.  On March 15, 2016, the state filed an answer and motion to dismiss the petition.

{¶ 7}    On October 31, 2016, the trial court denied appellant's request for post-conviction relief and granted the state's motion to dismiss.  The trial court, which treated appellant's petition for post-conviction relief as having been filed under both case Nos. 12CR-5963 and 13CR-4174, found the petition untimely, and further found appellant failed to invoke an applicable exception under R.C. 2953.23(A) in order for the court to entertain an untimely petition.  The trial court alternatively determined, even if the petition had been timely filed, appellant failed to show good cause to grant the petition.

{¶ 8}    On appeal, appellant, pro se, sets forth the following four assignments of error for this court's review:

[I.] The trial court erred and abused its discretion when it failed to serve notice of service of the judgment entry denying the defendant due process of law to appeal.

[II.] The trial court erred and abused its discretion when it dismissed the defendant's postconviction petition as untimely denying him due process when there was an unavoidable delay in filing the transcript of proceedings.

[III.] The trial court abused its discretion when it denied the defendant's ineffective assistance of counsel, a fair trial, and due process of law claim that the defendant has a right to present witnesses and exculpatory evidence in his favor.

[IV.] The cumulative effect of these errors deprived the defendant of his fundamental right to a fair trial in violation of the Sixth Amendment to the United States and Ohio Constitution.

{¶ 9} Under the first assignment of error, appellant asserts the trial court erred by failing to serve notice of service of the judgment entry denying his petition. Appellant contends such failure denied him due process of law to appeal.[1]

{¶ 10} In response, the state argues appellant was not denied due process of law because he was not required to seek leave to receive a delayed appeal. We agree. *See State v. Lacking,* 10th Dist. No. 14AP-691, 2015-Ohio-1715, ¶ 5 (finding petition for post-conviction relief properly before the court where "record reveals the trial court failed to place an entry on its appearance docket noting service of the judgment," as failure to comply with Civ.R. 58(B) "tolls the time for filing the appeal"); *State v. Williams,* 10th Dist. No. 06AP-842, 2006-Ohio-5415, ¶ 7 (Because the clerk did not serve a copy of the judgment of the trial court denying appellant's petition for post-conviction relief on him in the manner prescribed in Civ.R. 5(B), appellant's notice of appeal filed in the trial court was timely.).

{¶ 11} Accordingly, appellant's first assignment of error is overruled.

{¶ 12} Under the second assignment of error, appellant asserts the trial court erred in dismissing his petition for post-conviction relief as untimely. According to appellant, the

---

[1] The trial court filed its decisions denying post-conviction relief in both cases on October 31, 2016. Appellant filed his notices of appeal on August 10, 2018.

filing of supplemental transcripts from his suppression hearing extended the statutory deadline for filing the petition.

{¶ 13} Under Ohio law, "[a] postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). An appellate court reviews a trial court's decision granting or denying a petition for post-conviction relief under an abuse of discretion standard. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58.

{¶ 14} A petition for post-conviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2). Further, "[i]f no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2).

{¶ 15} If a petition is untimely, "a trial court may not entertain a postconviction relief petition unless the petitioner first demonstrates one of the following: (1) the petitioner was unavoidably prevented from discovering the facts necessary for the claim for relief; or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation." *State v. Sowards*, 4th Dist. No. 18CA2, 2018-Ohio-4173, ¶ 23, citing R.C. 2953.23(A)(1)(a). Finally, "[i]f the petitioner demonstrates one of the foregoing threshold findings, the petitioner then must establish that but for the constitutional error at trial no reasonable finder of fact would have found him guilty." *Id.,* citing R.C. 2953.23(A)(1)(b).

{¶ 16} As noted under the facts, although appellant filed his petition under case No. 12CR-5963, the trial court deemed the petition filed under both case Nos. 12CR-5963 and 13CR-4174. The record indicates the transcripts in case No. 12CR-5963 were filed on February 2, 2015. Appellant filed his petition in case No. 12CR-5963 on February 3, 2016, one day after the statutory deadline expired.

{¶ 17} Appellant contends that supplemental transcripts were filed in case No. 12CR-5963 on April 27, 2015, thereby extending the time in which to file his petition for post-conviction relief. We note that the supplemental transcripts (two volumes) at issue pertain to the pre-trial suppression hearing in that case. According to appellant, the filing

of the supplemental transcripts (on April 27, 2015) provided him "a deadline of on or about April 27, 2016 to file his post-conviction petition which would deem the February 3, 2016 filing as timely." (Appellant's Brief at 5.)

{¶ 18} Ohio courts, however, have held that "the supplementation of the record is irrelevant" for purposes of the time limit for petitions for post-conviction relief set forth in R.C. 2953.21. *State v. Rice*, 11th Dist. No. 2010-A-0046, 2011-Ohio-3746, ¶ 26. *See also State v. Durham,* 8th Dist. No. 98044, 2012-Ohio-4165, ¶ 5 (appellant's filing of supplemental record in direct appeal "did not extend the time in which to file the petition for postconviction relief"); *State v. Wilson,* 6th Dist. No. L-13-1210, 2014-Ohio-1307, ¶ 10 (time period for filing post-conviction petition not extended by filing pre-trial hearing transcripts months after the filing of the trial transcript); *State v. Johnson,* 11th Dist. No. 99-T-0143 (Feb. 9, 2001) (Appellant's supplementation of the record with a suppression hearing transcript "is irrelevant," as "[t]he plain language of the statute provides that a petitioner must file a postconviction relief petition within six months from the time the *trial transcript*, not the suppression hearing transcript, in his direct appeal is filed"). (Emphasis sic.)

{¶ 19} This court has similarly rejected the argument that the filing of a supplemental transcript extends the time period for filing a petition for post-conviction relief. *State v. Chavis-Tucker*, 10th Dist. No. 05AP-974, 2006-Ohio-3105, ¶ 7-8 (rejecting appellant's claim that statute's time limitation was extended by filing two supplemental transcripts months after the filing of his trial transcript). Rather, "[t]he controlling date is when the transcript from appellant's trial was filed." *Id.* at ¶ 8.

{¶ 20} Accordingly, appellant's contention that his petition in case No. 12CR-5963 was extended by the filing of supplemental transcripts is not persuasive. Further, as noted by the state, appellant's post-conviction petition was not predicated on the trial court's rulings made at the suppression hearing; rather, he alleged his counsel was ineffective for "failure to subpoena alibi witnesses, other defense witnesses, and exculpatory evidence." (Mot. for Post-Conviction Relief at 9.) We therefore agree with the state that the petition in case No. 12CR-5963 was untimely under R.C. 2953.21(A)(2).

{¶ 21} With respect to case No. 13CR-4174, while the trial court filed its entry of judgment on October 31, 2014, appellant did not file a timely appeal from the judgment of

conviction; rather, on June 17, 2015, appellant filed a motion for delayed appeal. In its decision denying post-conviction relief, the trial court noted that a motion for delayed appeal does not toll the time for filing a post-conviction petition. We agree. *See, e.g., State v. Stanishia*, 10th Dist. No. 03AP-476, 2003-Ohio-6836, ¶ 13 (observing that "appellate courts, including this court, have held that a delayed appeal 'does not toll the time for filing a motion for postconviction relief under R.C. 2953.21(A)(2)' "). *Id.*, quoting *State v. Fields*, 136 Ohio App.3d 393, 396 (8thDist.1999). Thus, the trial court noted appellant's petition in case No. 13CR-4174 "should have been filed no later than three hundred sixty-five days after the expiration of his time for filing his appeal, which is December 1, 2015." (Oct. 31, 2016 Decision & Entry at 4.) Because the petition was not filed until February 3, 2016, the trial court found it untimely. On review, we find no error with the trial court's determination that the petition in case No. 13CR-4174 was untimely.

{¶ 22} The trial court next addressed whether any of the exceptions under R.C. 2953.23(A)(1) were applicable to permit the filing of an untimely petition. The trial court noted appellant "has made no argument that these exceptions apply," and the court found the documents attached to support his petition were all available to him at the time of trial. (Oct. 31, 2016 Decision & Entry at 4.) The trial court also found appellant failed to show his claim was based on a new federal or state right recognized by the United States Supreme Court that could be applied retroactively to his case. Finally, the trial court concluded appellant failed to show by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found him guilty of the offenses.

{¶ 23} Based on this court's review, we find no abuse of discretion by the trial court in its determination the petition was untimely and that appellant failed to establish the applicability of a statutory exception that would permit the court to consider an untimely petition. Accordingly, the trial court lacked jurisdiction to consider the petition for post-conviction relief and properly dismissed it. Further, where a trial court lacks jurisdiction to entertain an untimely petition, the court does not err in dismissing such petition without conducting an evidentiary hearing. *Sowards* at ¶ 28. *See also State v. Reed,* 10th Dist. No. 13AP-450, 2013-Ohio-5145, ¶ 11 ("Because appellant has failed to establish the applicability of any exceptions allowing for filing an untimely, successive petition for postconviction

relief, the trial court properly denied the same without a hearing as it lacked jurisdiction to review it.").

{¶ 24} Appellant's second assignment of error is not-well taken and is overruled.

{¶ 25} In light of our disposition of the second assignment of error, finding appellant failed to satisfy the jurisdictional criteria for an untimely post-conviction petition, the issues raised by appellant under the third and fourth assignments of error, addressing the merits of the petition, are moot. *See State v. Banks,* 10th Dist. No. 12AP-96, 2012-Ohio-3770, ¶ 12; *State v. Martin,* 10th Dist. No. 17AP-6, 2017-Ohio-5657, ¶ 10.

{¶ 26} Based on the foregoing, appellant's first and second assignments of error are overruled, the third and fourth assignments or error are rendered moot, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

SADLER and BRUNNER, JJ., concur.

_____