[Cite as *State v. Neil*, 2019-Ohio-3793.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| | | Nos. 18AP-1001 |
| Plaintiff-Appellee, | : | (C.P.C. No. 12CR-5963) |
| | | 18AP-1003 |
| | : | (C.P.C. No. 13CR-1308) |
| v. | | 18AP-1004 |
| | : | (C.P.C. No. 13CR-4174) |
| Miguel E. Neil, | | |
| | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | | |
| | : | |

D E C I S I O N

Rendered on September 19, 2019

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

**On brief**: *Miguel E. Neil*, pro se.

APPEALS from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} In these consolidated appeals, defendant-appellant, Miguel E. Neil, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his successive petition for post-conviction relief. By way of background, the following facts are taken from this court's decisions in *State v. Neil,* 10th Dist. No. 14AP-981, 2016-Ohio-4762 ("*Neil I*"), following appellant's direct appeal of his convictions for 30 counts of robbery and 6 counts of kidnapping in Franklin C.P. Nos. 12CR-5963 and 13CR-4174, and *State v. Neil*, 10th Dist. No. 18AP-609, 2019-Ohio-2529 ("*Neil II*"), following appellant's appeal from the trial court's denial of his first petition for post-conviction relief.

{¶ 2}   The charges against appellant "arose from a series of robberies that occurred in 2011 and two robberies that occurred in 2012."  *Neil I* at ¶ 2.  Appellant was indicted in case No. 12CR-5963 on "4 counts of robbery and 6 counts of kidnapping arising out of the 2012 robberies," and he was indicted in case No. 13CR-4174 "on 26 counts of robbery and 1 count of kidnapping, arising from 13 separate robberies committed in 2011."  *Neil II* at ¶ 3.

{¶ 3}   The trial court joined the indictments for a single trial and, following a jury trial beginning September 24, 2014, the jury returned verdicts finding appellant guilty of 4 counts of robbery and 5 counts of kidnapping in case No. 12CR-5963, and 26 counts of robbery and 1 count of kidnapping in case No. 13CR-4174.  The trial court sentenced appellant by judgment entries filed October 31, 2014.

{¶ 4}   On November 25, 2014, appellant filed a notice of appeal in case No. 12CR-5963, and on June 17, 2015, he filed a motion for leave to file a delayed appeal in case No. 13CR-4174.  This court subsequently granted appellant's motion for leave to appeal, and consolidated the two cases for appeal.  In *Neil I*, this court affirmed the convictions in case Nos. 12CR-5963 and 13CR-4174.

{¶ 5}   On February 3, 2016, appellant filed a pro se petition for post-conviction relief in case No. 12CR-5963.  The state subsequently filed an answer and a motion to dismiss the petition.  By decision and entry filed October 31, 2016, the trial court denied appellant's request for post-conviction relief and granted the state's motion to dismiss.  The trial court, while treating appellant's petition for post-conviction relief "as having been filed under both case Nos. 12CR-5963 and 13CR-4174, found the petition untimely, and further found appellant failed to invoke an applicable exception under R.C. 2953.23(A) in order for the court to entertain an untimely petition."  *Neil II* at ¶ 7.

{¶ 6}   Appellant filed a pro se appeal from the trial court's denial of his petition, raising four assignments of error in which he asserted: (1) the trial court erred in failing to serve notice of service of the judgment entry, (2) the trial court erred in dismissing his post-conviction petition as untimely, (3) the trial court erred in denying his claims of ineffective assistance of counsel, fair trial and due process of law, and (4) the cumulative effect of those errors deprived him of his right to a fair trial.

{¶ 7}  In *Neil II*, this court found "no abuse of discretion by the trial court in its determination the petition was untimely and that appellant failed to establish the applicability of a statutory exception that would permit the court to consider an untimely petition."  *Id.* at ¶ 23.  This court thus concluded "the trial court lacked jurisdiction to consider the petition for post-conviction relief and properly dismissed it."  *Id.*

{¶ 8}  On August 1, 2018, appellant filed a successive petition for post-conviction relief.  On August 28, 2018, the state filed an answer and motion to dismiss the petition.

{¶ 9}  By decision and entry filed December 7, 2018, the trial court denied appellant's petition to vacate or set aside his judgment of conviction or sentence.  In its decision, the trial court found appellant's second petition for post-conviction relief to be untimely as to both case Nos. 12CR-5963 and 13CR-4174, and further found none of the exceptions for an untimely petition to be applicable.

{¶ 10} On appeal, appellant, pro se, sets forth the following five assignments of error for this court's review:

> **Assignment of error one**: Appellant was deprived of his fundamental right to be free from illegal search and seizure in violation of the Fourth Amendment to the United States and Ohio Constitution, where police officers did not obtain a search warrant supported by probable cause for appellant's cell-site location information, then misleadingly and falsely presented the CSLI in two other search warrants which also contained multiple omissions, misleading, and false statements, then presented at trial prejudicing and depriving appellant of a fair trial.
>
> **Assignment of error two**: Appellant was deprived of his fundamental right to due process and a fair trial in violation of the Sixth Amendment to the United States and Ohio Constitution, due to prosecutorial misconduct where the prosecutor submitted false testimony that he knew was false which clearly affected the judgment of the jury to convict appellant.
>
> **Assignment of error three**: Appellant was deprived of his fundamental right to a fair trial in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States and Ohio Constitution when trial counsel ineffectively deprived appellant from presenting evidence and subpoenaing witnesses in his favor.

> **Assignment of error four**: The cumulative effect of these errors deprived appellant of his fundamental right to fair trial in violation of the Sixth Amendment to the United States and Ohio Constitution.

> **Assignment of error five**: The trial court erred and abused its discretion when it denied appellant's 2953.23 petition denying appellant due process and a fair trial free from false statements from law enforcement and the prosecutor that went directly towards guilt.

{¶ 11} We initially address appellant's fifth assignment of error, in which he contends the trial court erred in finding inapplicable any of the exceptions to filing an untimely petition for post-conviction relief under R.C. 2953.23. More specifically, appellant argues the trial court erred in its determination that a recent decision of the United States Supreme Court, *Carpenter v. United States*, ____ U.S. ____, 138 S.Ct. 2206 (2018), did not apply retroactively to his case on collateral review.

{¶ 12} Under Ohio law, "[a] postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Steffen,* 70 Ohio St.3d 399, 410 (1994). An appellate court applies an abuse of discretion standard in reviewing a trial court's denial of a petition for post-conviction relief. *State v. Sowell*, 10th Dist. No. 07AP-809, 2008-Ohio-1518, ¶ 12, citing *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305.

{¶ 13} In accordance with R.C. 2953.21(A)(2), a petition for post-conviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." In the event no appeal is taken, "except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2).

{¶ 14} Under Ohio law, "a court may not entertain an untimely petition unless defendant initially demonstrates either (1) he was unavoidably prevented from discovering facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in defendant's situation." *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 11, citing R.C. 2953.23(A)(1)(a). Further, if a defendant satisfies "one of those two conditions, R.C.

2953.23(A) requires he also must demonstrate that, but for the constitutional error at trial, no reasonable fact finder would have found him guilty of the offenses of which he was convicted." *Id.*, citing R.C. 2953.23(A)(1)(b).

{¶ 15} On appeal, appellant does not contend his successive petition was timely under R.C. 2953.21(A)(2). In addressing the issue of timeliness, the trial court noted the trial transcripts in appellant's direct appeal in case No. 12CR-5963 were filed February 2, 2015 and, therefore, appellant's petition "should have been filed no later than three hundred sixty-five days after the filing of the trial transcript in the Court of Appeals, which is February 2, 2016." (Dec. 7, 2018 Dec. & Entry at 4.) Because the petition was not filed until August 1, 2018, the court found the petition to be untimely. We agree.

{¶ 16} With respect to case No. 13CR-4174, the court found the petition "should have been filed no later than three hundred sixty-five days after the expiration of his time for filing his appeal, which was December 1, 2015." (Dec. 7, 2018 Dec. & Entry at 5.) As such, the court found the petition filed on August 1, 2018 to be untimely. Again, we agree with the trial court's determination.

{¶ 17} As noted, appellant does not challenge the trial court's finding that his petition was untimely. He argues, however, the United States Supreme Court has recognized a new federal and state right that applies to persons in his situation. Specifically, appellant relies on the United States Supreme Court's recent decision in *Carpenter*, in which the Supreme Court held the government's acquisition of cell-site location information ("CSLI") records constitutes a search under the Fourth Amendment, thereby requiring a warrant in the absence of an exception such as exigent circumstances.

{¶ 18} Appellant similarly argued before the trial court that the Supreme Court's decision in *Carpenter* was applicable to his case and, therefore, constituted a timeliness exception under R.C. 2953.23. In addressing this issue, the trial court held that, because appellant's case "was not on direct appeal when the Supreme Court issued its decision, the *Carpenter* case is not applicable to Defendant's case and may not be considered an exception for an untimely or successive petition." (Dec. 7, 2018 Dec. & Entry at 6.)

{¶ 19} In general, "[a] new rule issued by the United States Supreme Court is not retroactively applicable to cases on collateral review unless the United States Supreme Court expressly holds it to be retroactive." *State v. Jackson,* 8th Dist. No. 2017-T-0041,

2018-Ohio-2146, ¶ 33, citing *Tyler v. Cain*, 533 U.S. 656, 663 (2001). As recently noted by one federal court, the Supreme Court "did not explicitly state" that *Carpenter* was retroactively applicable to cases on collateral review. *In re Baker*, 11th Cir. No. 18-15095-C (Jan. 9, 2019).

{¶ 20} In accordance with its decision in *Teague v. Lane*, 489 U.S. 288 (1989), the United States Supreme Court has held that "the retroactivity of our criminal procedure decisions turn on whether they are novel. When we announce a 'new rule,' a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding." *Chaidez v. United States*, 568 U.S. 342, 347 (2013). Rather, "[o]nly when we apply a settled rule may a person avail herself of the decision on collateral review." *Id.* There are, however, "two narrow exceptions" to the rule in *Teague. Saffle v. Parks,* 494 U.S. 484, 486 (1990). Specifically, "[a] new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a ' "watershed rul[e] of criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding.' " *Whorton v. Bockting*, 549 U.S. 406, 416 (2007), quoting *Saffle* at 495, quoting *Teague* at 311.

{¶ 21} Courts addressing the holding in *Carpenter* have held that the Supreme Court's decision "states a new rule." *United States v. Davis*, D.C.M.D.Pa., No. 1:13-cr-28 (Apr. 12, 2019) (holding that "[t]he *Carpenter* decision clearly carves out a new understanding of the Fourth Amendment, as it applies to wireless data," and that the Supreme Court "did not merely apply prior case law to the facts before it," but rather "stated a new principle on the type of conduct that constitutes a search"); *United States v. Williams*, D.C.E.D.Mich. No. 2:17-cr-20758-VAR-DRG (Aug. 2, 2018) (holding that the Supreme Court in *Carpenter* "announced a new rule that the Government obtaining CSLI constituted a search and can only be legally obtained with a search warrant," and therefore "[g]oing forward, law enforcement * * * will need to demonstrate probable cause").

{¶ 22} Courts have further held that "[a]lthough *Carpenter* announced a new rule of law, the Supreme Court did not make the case retroactively applicable to cases on collateral review." *United States v. Marquez*, D.C.W.D.Ok., No. CR-12-233-R (Aug. 13, 2018). *See also Davis* (new rule stated in *Carpenter* does not apply retroactively on

collateral review; exceptions in *Teague* do not apply as "the new rule is plainly procedural" and "simply does not rise" to the level of a watershed rule of criminal procedure); *In re Symonett,* 11th Cir. No. 19-12232-F (July 9, 2019) ("The Supreme Court * * * has not held that *Carpenter* is retroactively applicable to cases on collateral review, nor does any combination of cases necessarily dictate its retroactivity."); *People v. Cutts,* 62 Misc.3d 411, 414 (N.Y.2018) (analyzing *Carpenter* under retroactivity principles of *Teague* and holding that "defendants whose convictions became final prior to *Carpenter* cannot benefit from its holding").

{¶ 23} Based on the above authorities, which we find persuasive, we agree with the trial court's determination in this case that *Carpenter* does not apply retroactively to cases on collateral review.  Accordingly, the trial court did not abuse its discretion in finding appellant did not meet the requirements of R.C. 2953.23(A)(1)(a) to bring an untimely petition for post-conviction relief.  Because appellant did not meet the requirements of R.C. 2953.23, the trial court was without jurisdiction to consider the petition.  *State v. Simms*, 8th Dist. No. 83583, 2004-Ohio-3955, ¶ 22.

{¶ 24} Appellant's fifth assignment of error is not well-taken and is overruled.

{¶ 25} In light of our disposition of the jurisdictional issue under the fifth assignment of error, the issues raised under appellant's first, second, third, and fourth assignments of error, all addressing the merits of the petition, are moot. *See State v. Dugger,* 10th Dist. No. 06AP-887, 2007-Ohio-1243, ¶ 10.

{¶ 26} Accordingly, appellant's fifth assignment of error is overruled, his first, second, third, and fourth assignments of error are rendered moot, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

_____