[Cite as *State v. Taylor*, 2021-Ohio-1745.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28609 |
| | : | |
| v. | : | Trial Court Case No. 2011-CR-4317 |
| | : | |
| DARREN DWAYNE TAYLOR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of May, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. KETTER, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

DARREN DWAYNE TAYLOR, Inmate No. 685-345, Allen-Oakwood Correctional Institution, P.O. Box 4501, Lima, Ohio 45802
    Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Appellant Darren Dwayne Taylor appeals from a judgment of the Montgomery County Court of Common Pleas, which dismissed his petition for postconviction relief. Because *Carpenter v. United States*, __ U.S. __, 138 S.Ct. 2206, 201 L.Ed.2d 507 (2018), upon which Taylor relied, does not have retroactive application to Taylor's case, the trial court correctly concluded it was without jurisdiction to consider Taylor's untimely petition for postconviction relief under R.C. 2953.21. Thus, the trial court's judgment will be affirmed.

### Facts and Procedural History

**{¶ 2}** In 2013, following a jury trial, Taylor was convicted of two counts of murder and accompanying firearm specifications.[1] The trial court imposed an aggregate sentence of 36 years to life.

**{¶ 3}** Taylor appealed asserting one assignment of error, which challenged the trial court's refusal to suppress evidence obtained from the warrantless search of his cell phone, including the GPS data that was obtained. *State v. Taylor*, 2d Dist. Montgomery No. 25764, 2014-Ohio-2550, ¶ 2. Consistent with the then-prevailing case law, we overruled Taylor's assignment of error, concluding that he "had no reasonable expectation of privacy in the pings emitted by the cell phone in his possession," *id.* at ¶ 7, and we affirmed his conviction. Thereafter, the Ohio Supreme Court declined jurisdiction to consider Taylor's case. *State v. Taylor*, 142 Ohio St.3d 1409, 2015-Ohio-1099, 27 N.E.3d 539.

---

[1] We summarized the facts surrounding Taylor's convictions as follows: "Taylor's convictions stem from his participation with two other people in an attempted robbery of a pawn shop. During the incident, Taylor shot and killed a store clerk. Before dying, however, the clerk returned fire and injured one of Taylor's accomplices, who also later died. * * *" *Taylor* at ¶ 3.

**{¶ 4}** In May 2019, Taylor filed a document captioned: "Motion For A New Trial Based On *United States v. Carpenter* * * * Pursuant to Crim.R. 33(A)(6), And/Or Postconviction Relief Pursuant To §§ 2953.21 And 2953.23 Of The Ohio Revised Code." Taylor asserted that *Carpenter,* __ U.S. __, 138 S.Ct. 2206, 201 L.Ed.2d 507, applied retroactively and that, applying *Carpenter* retroactively to his case, the suppression motion filed in the trial court would have been sustained. Taylor further asserts that, if the motion to suppress had been sustained, the State would have been unable to present sufficient evidence to obtain his conviction. The trial court construed Taylor's filing as a petition for postconviction relief and rejected Taylor's argument that *Carpenter* is subject to retroactive application. Based upon this conclusion, the trial court ruled that the petition was not timely filed and, thus, that it was without jurisdiction to consider Taylor's petition. On this basis, the trial court dismissed the petition. This appeal followed.

**Analysis**

**{¶ 5}** Taylor's sole assignment of error is as follows:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO RECOGNIZE THAT, *CARPENTER V. UNITED STATES*, 585 U.S. ___, 138 S.CT. 2206, 201 L.ED.2d 507 (2018) CREATED A NEW RIGHT WHICH RETROACTIVELY APPLIED TO APPELLANT, THAT HIS MOTION MET THE REQUIREMENTS OF TIMELINESS, AND THAT THE CIRCUMSTANCES OF EXIGENCY IS NOT BARRED BY RES JUDICATA WHEN IT DENIED HIM A NEW TRIAL PURSUANT TO CRIM.R. 33(A)(6) AND/OR §2953.21 AND §2953.23 OF THE OHIO REVISED CODE.

**{¶ 6}** As noted, Taylor styled his pleading as either a motion for a new trial under

Crim.R. 33(A)(6) or as a petition for postconviction relief under R.C. 2953.21. The trial court appropriately considered Taylor's pleading as a petition for postconviction relief.

{¶ 7} A trial court "may recast [an] irregular motion[ ] into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Clark*, 2017-Ohio-120, 80 N.E.2d 431, ¶ 12 (2d Dist.). Crim.R. 33(A)(6) allows a trial court to grant a defendant a new trial based upon newly discovered evidence "which the defendant could not with reasonable diligence have discovered and produced at the trial." The trial court correctly concluded that Taylor's argument regarding the applicability of *Carpenter* was not newly discovered evidence. As such, Taylor's pleading was properly recast as only a petition for postconviction relief. Thus, our analysis will focus on whether the trial court erred by dismissing Taylor's petition for postconviction relief.

{¶ 8} Postconviction relief provides a mechanism for a convicted defendant to assert that his conviction was tainted by a constitutional violation that is not reflected in the record of the defendant's conviction and is "otherwise * * * impossible to review * * *." *Clark* at ¶ 14, quoting *State v. Monroe*, 2015-Ohio-844, 29 N.E.3d 391, ¶ 37 (11th Dist.). "The postconviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment." *State v. Oglesby*, 2d Dist. Montgomery No. 27626, 2018-Ohio-871, ¶ 11, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).

{¶ 9} Subject to two exceptions, a petition for postconviction relief must be filed within 365 days after the trial transcript is filed in the court of appeals. R.C. 2953.21(A)(2). The two exceptions which allow consideration of a late-filed petition are: (1) the petitioner was "unavoidably prevented from discovering the facts necessary" to file

the petition; or (2) "the United States Supreme Court [has] recognized a new federal or state right that applies retroactively to persons in the petitioner's situation." *Oglesby* at ¶ 13, citing R.C. 2953.23(A)(1)(a). A trial court is without jurisdiction to consider an untimely petition for postconviction relief. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 21.

{¶ 10} Since Taylor's petition was not filed within 365 days of the filing of the trial transcript in the court of appeals, the trial court's jurisdiction was dependent upon one of the exceptions applying. The "unavoidably prevented" exception is obviously not applicable to Taylor's situation. Thus, as Taylor recognizes, the trial court's jurisdiction is tied to retroactive application of *Carpenter*.

{¶ 11} In *Carpenter*, __ U.S. __, 138 S.Ct. 2206, 201 L.Ed.2d 507, the Supreme Court ruled that the government's acquisition of historical cell phone location records constitutes a search usually requiring a warrant. But the decision recognized that "case-specific exceptions may support a warrantless search of an individual's cell-site records under certain circumstances." *Id.* at 2222. The Supreme Court specifically noted that the "exigencies of a situation may justify dispensing with a warrant before accessing cell phone location records when there is a " 'need to pursue a fleeing suspect, protect individuals who are threatened with imminent harm, or prevent the imminent destruction of evidence.' " *State v. Davison*, 2d Dist. Montgomery No. 28579, 2021-Ohio-728, ¶ 9, quoting *Carpenter* at 2223.

{¶ 12} In *State v. Snowden*, 2019-Ohio-3006, 140 N.E.3d 1112 (2d Dist.), we determined that *Carpenter* was applicable to the government's request to a service provider to "ping" Snowden's cell phone in order to determine the phone's location. *Id.*

at ¶ 33.

{¶ 13} The issue, then, is whether Taylor can take advantage of the *Carpenter* opinion. The opinion is silent on the issue of its retroactive application. As a general rule, such silence means that the newly-announced decision is not applicable to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). *See also Chaidez v. United States*, 568 U.S. 342, 347, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013); *State v. Neil*, 2019-Ohio-3793, 133 N.E.3d 585, ¶ 20 (10th Dist.). There are two exceptions to this: (1) the new rule is substantive or (2) it is a " 'watershed rul[e] of criminal procedure' implicating fundamental fairness and [the] accuracy of the criminal proceeding." *Whorton v. Bockting*, 549 U.S. 406, 416, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007), quoting *Saffle v. Parks*, 494 U.S. 484, 486, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990), quoting *Teague v. Lane*, 486 U.S. 288, 311, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

{¶ 14} The rule announced in *Carpenter* is "plainly procedural." *Neil* at ¶ 22, quoting *United States v. Davis*, M.D.Pa. No. 1:13-cr-28, 2019 WL 1584634 (April 12, 2019). And we conclude that the new rule *Carpenter* announced, while obviously significant, is not a watershed decision where the failure to apply the rule retroactively to cases on collateral review will implicate either the fundamental fairness or accuracy of the original decision. *Id.*, citing *Davis*. (Other citations omitted.) *See also State v. Jones*, 2019-Ohio-2134, 137 N.E.3d 661 (10th Dist.); *State v. Teitelbaum*, 10th Dist. Franklin No. 19AP-137, 2019-Ohio-3175. As such, we conclude that *Carpenter* was not retroactively applicable to Taylor's case and did not support his petition for postconviction relief.

{¶ 15} Since *Carpenter* does not have retroactive application to Taylor's case, the

trial court was without jurisdiction to consider his petition for postconviction relief. The trial court correctly dismissed Taylor's petition.[2]

**Conclusion**

**{¶ 16}** The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Ketter
Darren Dwayne Taylor
Allen Correctional Institution, Cashier's Office
Hon. Dennis J. Adkins

---

[2] Even if *Carpenter* had retroactive application, Taylor's motion to suppress would nonetheless likely be overruled based upon the existence of exigent circumstances or upon the good faith exception to the exclusionary rule. *See State v. Snowden*, 2019-Ohio-3006, 140 N.E.3d 1112 (2d Dist.).