[Cite as *State v. Culbertson*, 2021-Ohio-4415.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2021CA00023 |
| AARON CULBERTSON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:    Appeal from the Stark County Court of
Common Pleas, Case No. 2018-CR-0472

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    December 15, 2021

APPEARANCES:

For Plaintiff-Appellee

KYLE L. STONE
Prosecuting Attorney
Stark County, Ohio

TIMOTHY E. YAHNER
Assistant Prosecuting Attorney
110 Central Plaza, South, Suite #510
Canton, Ohio 44702-1413

For Defendant-Appellant

TIMOTHY B. HACKETT
Assistant State Public Defender
250 East Broad Street, Suite #1400
Columbus, Ohio 43215

*Hoffman, P.J.*

{¶1}   Defendant-appellant Aaron Culbertson appeals the judgment entered by the Stark County Common Pleas Court dismissing his petition for post-conviction relief on the basis it was untimely filed.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   Around 2:45 p.m. on February 2, 2018, Jane Doe arrived at a pub on West Tuscarawas Street in Canton, Ohio, for a family birthday party. Unable to find a space in the parking lot, Doe parked along a side street and exited her vehicle. She placed her keys in a small cloth purse, along with her cell phone. Doe noticed two people walk around the corner toward her from the front of the pub. She turned her back briefly to make sure her car was locked.

{¶3}   As Doe turned to approach the pub, her head was down and she was startled when someone yelled "give us your fucking purse." The two people were now directly in front of her, and one of them held a black pistol 8 to 12 inches from her face. Doe described the individuals as two young black males, one wearing a black hoodie with a Nike "swish" (sic) on it and the other wearing a "camo" hoodie. Both hoodies were drawn over the men's heads and tightly around their faces. The man in the black hoodie held the pistol and the man in the camo hoodie demanded her purse. Doe had a clear view of the face of the first man and she thrust her purse toward him. The second man ran off when the first man brandished the pistol.

{¶4}   The man in the black hoodie ran toward an alley behind the pub. Doe continued into the pub, dazed, and told her boyfriend she had just been held up at gunpoint. The boyfriend told someone to call 911.

{¶5} Police arrived on the scene within 15 to 20 minutes. Doe provided a description of the two men: taller than her, skinny, hoodies tight around their faces, possibly wearing gloves. Detective Pierson learned the pub had a video surveillance system with cameras in the front and back alley. Although he did not immediately obtain a copy of the video itself, he captured still images from the video and showed them to Doe. She identified the individual in the black Nike "swish" hoodie as the person who pointed the gun at her. Doe later identified Appellant at trial as the man in the black "swish" hoodie who robbed her at gunpoint.

{¶6} Doe's daughter used the "Find My Phone" feature on her mother's iPhone to locate the stolen phone. The daughter created a screen shot indicating Doe's phone was located in the vicinity of 11th Street and Fulton Northwest. Det. Pierson went to the location and recovered Doe's purse, along with its contents. The purse, keys, and phone were returned to Doe. The location of the items was later found to be close to the home of Appellant's girlfriend.

{¶7} Det. Pierson turned over the investigation to Detective Terry Monter, who obtained the surveillance video from the pub. Det. Monter cropped photos of the suspects from the videos and worked on identifying the suspects. Det. Monter spoke to a juvenile detective who linked him with Aaron Culbertson, Sr., Appellant's father. Appellant had been reported as a runaway. Culbertson, Sr. immediately identified his son in the cropped image taken from the pub surveillance video.

{¶8} Appellant was initially charged as a juvenile with engaging in conduct which, if committed by an adult, would be aggravated robbery in violation of R.C. 2911.01(A)(1). The juvenile complaint alleged Appellant brandished a firearm, approached Doe outside

the pub, and took her purse. The State filed a motion to transfer Appellant to the general division of the Common Pleas Court to be tried as an adult.

**{¶9}** The matter proceeded to hearing before the juvenile court on March 14, 2018. Appellant was represented by counsel and his father was present. The State presented three witnesses including Doe and two Canton Police detectives. Doe identified Appellant as the person who robbed her and described what he was wearing as a black hoodie with a "swish." The juvenile court found Appellant was 16 years old at the time of the offense and there was probable cause to believe he committed the armed robbery alleged in the complaint. The matter was therefore transferred to the general division of the Stark County Court of Common Pleas.

**{¶10}** Appellant was charged by indictment with one count of aggravated robbery pursuant to R.C. 2911.01(A)(1), a felony of the first degree. Appellant entered a plea of not guilty. The matter proceeded to trial by jury. Appellant was found guilty as charged and the trial court imposed a prison term of 8 years. Appellant appealed to this Court, assigning seven errors. This Court affirmed the judgment of conviction and sentence. *State v. Culbertson,* 5th Dist. Stark No. 2018CA00183, 2020-Ohio-903, *appeal not allowed,* 159 Ohio St.3d 1488, 2020-Ohio-4232, 151 N.E.3d 636*, reconsideration denied*, 160 Ohio St.3d 1449, 2020-Ohio-5169, 156 N.E.3d 921,

**{¶11}** On September 21, 2020, Appellant filed a petition for post-conviction relief. The State argued the motion was untimely filed pursuant to R.C. 2953.21(A)(2), which requires the petition to be filed within 365 days of the filing of the trial transcript, in this case, March 18, 2019. Appellant argued the "transcript of the proceedings" was not complete until May 1, 2019, when the transcript was supplemented with the exhibits

admitted in the bindover proceeding, and was additionally extended by Ohio Am. Sub. H.B. 197, Ohio's Covid-19 tolling bill, to September 21, 2020. The State argued Appellant's petition was required to be filed by 365 days from March 18, 2019. Applying the tolling statute, Appellant 's petition would have to be filed nine days after July 31, 2020. Because it was not filed until September 21, 2020, the trial court found the petition to be untimely filed. In the alternative, the trial court found Appellant's claims all barred by the doctrine of res judicata.

{¶12} It is from the February 2, 2021 judgment of the trial court Appellant prosecutes his appeal, assigning as error:


I. BY RULE, "TRANSCRIPT OF THE PROCEEDINGS" INCLUDES EXHIBITS. THE STARK COUNTY COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW AND VIOLATED AARON CULBERSON'S STATE AND FEDERAL DUE PROCESS RIGHTS WHEN IT DISMISSED HIS TIMELY PETITION FOR POSTCONVICTION RELIEF AS HAVING BEEN UNTIMELY FILED.

II. THE STARK COUNTY COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW AND VIOLATED AARON'S DUE PROCESS RIGHTS WHEN IT DETERMINED EACH OF AARON'S CLAIMS FOR POSTCONVICTION RELIEF WERE BARRED BY RES JUDICATA.

I.

**{¶13}** In his first assignment of error, Appellant argues the trial court erred in finding his petition untimely filed, as the "transcript of the proceedings" was not filed until supplemented with the exhibits from the bindover hearing on May 1, 2020.

**{¶14}** R.C. 2953.21(A)(2) provides:

> (2)(a) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1)(a)(i), (ii), or (iii) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

**{¶15}** The statute does not define "trial transcript." In determining whether the applicable date is the date the videotaped transcript or the written transcript is filed, the Ohio Supreme Court discussed the definition of "trial transcript" as used in this statute:

Black's Law Dictionary defines "transcript" as "[a] handwritten, printed, or typed copy of testimony given orally; esp., the official record of proceedings in a trial or hearing, as taken down by a court reporter." Black's Law Dictionary (9th Ed.2009) 1636. Webster's Third New International Dictionary defines "transcript" as "a written or printed copy"; "a usu. typewritten copy of dictated or recorded matter"; "an official or legal and often published copy or engrossment of a decree, testimony, or proceedings." Webster's Third New International Dictionary (1986) 2426.

Black's Law Dictionary defines "transcript of proceedings" as "[a] compilation of all documents relating to a bond issue, typically including the notices, affidavits of notices, a bond resolution (or bond ordinance), official statement, trust indenture and loan agreements, and minutes of meetings of all authorizing bodies." Black's Law Dictionary at 1636.

Based on these definitions of "transcript" and "transcript of proceedings," we hold that a "transcript" or "transcript of proceedings" must be in written, typed, or printed form.

{¶16} *State v. Everette*, 129 Ohio St.3d 317, 2011-Ohio-2856, 951 N.E.2d 1018, ¶¶ 18-20.

{¶17} Appellant argues pursuant to App. R. 9, the transcript is not "filed" until the exhibits are transmitted, because the exhibits are a part of the transcript.

{¶18} App. R. 9(A) defines the "record" for purposes of appeal as follows:

**(A) Composition of the Record on Appeal; Recording of Proceedings.**

(1) The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases.

{¶19} App. R. 9(B) discusses the form in which the court reporter is to prepare the transcript:

(6) A transcript of proceedings under this rule shall be in the following form:

(a) The transcript of proceedings shall include a front and back cover; the front cover shall bear the title and number of the case and the name of the court in which the proceedings occurred;

(b) The transcript of proceedings shall be firmly bound on the left side;

(c) The first page inside the front cover shall set forth the nature of the proceedings, the date or dates of the proceedings, and the judge or judges who presided;

(d) The transcript of proceedings shall be prepared on white paper eight and one-half inches by eleven inches in size with the lines of each page numbered and the pages sequentially numbered;

(e) An index of witnesses shall be included in the front of the transcript of proceedings and shall contain page and line references to direct, cross, re-direct, and re-cross examination;

(f) An index to exhibits, whether admitted or rejected, briefly identifying each exhibit, shall be included following the index to witnesses reflecting the page and line references where the exhibit was identified and offered into evidence, was admitted or rejected, and if any objection was interposed;

(g) Exhibits such as papers, maps, photographs, and similar items that were admitted shall be firmly attached, either directly or in an envelope to the inside rear cover, except as to exhibits whose size or bulk makes attachment impractical; documentary exhibits offered at trial whose admission was denied shall be included in a separate envelope with a notation that they were not admitted and also attached to the inside rear cover unless attachment is impractical;

(h) No volume of a transcript of proceedings shall exceed two hundred and fifty pages in length, except it may be enlarged to three hundred pages, if necessary, to complete a part of the voir dire, opening statements, closing arguments, or jury instructions; when it is necessary to prepare more than one volume, each volume shall contain the number and name of the case and be sequentially numbered, and the separate volumes shall be approximately equal in length;

(i) An electronic copy of the written transcript of proceedings should be included if it is available;

(j) The transcriber shall certify the transcript of proceedings as correct and shall state whether it is a complete or partial transcript of proceedings, and, if partial, indicate the parts included and the parts excluded.

(7) The record is complete for the purposes of appeal when the last part of the record is filed with the clerk of the trial court under App. R. 10(A).

{¶20} R.C. 2953.21(A)(2) specifically refers to the date of the filing of the trial transcript, not the date of the filing of the transcripts of all hearings in the case. In the instant case, the exhibits filed on May 1, 2019, were from the bindover proceeding only. The record reflects the trial transcript, filed March 18, 2019, stated with the certification of the court reporter the exhibits were available upon advance request from the evidence administrator. Tr. 340. R.C. 2953.21(A)(2) specifically refers to the filing of the *trial* transcript, not to the filing of the complete record, or the record from proceedings other than the trial.

{¶21} In the instant case, the trial court took judicial notice the trial court exhibits from that court are not routinely physically transmitted to this Court when transcripts are filed as a matter of course, and are only provided upon request. Often exhibits, including documentary exhibits, are not physically transmitted to the Court of Appeals with the transcript, but are nonetheless part of the record before this Court on appeal, and are later physically transmitted upon request of this Court as needed for review of the issues

raised on appeal. In most cases the exhibits are not filed separately from the transcript when they are requested to be physically transmitted to this Court, and thus there is no separate date, identifiable in the record, from which the time would began to run on the defendant's time for filing a post-conviction petition. In the instant case, we find the exhibits from the bindover proceeding were a part of the record on February 12, 2019, the date the bindover transcript was filed, and Appellant's motion to supplement served only to physically transmit the exhibits to this Court for review. We decline to hold the transcript is not filed for purposes of R.C. 2953.21(A)(2) until such time as we physically receive the exhibits, which is often after briefing and oral argument is complete.

{¶22} Further, most Courts of Appeals which have addressed the issue have found the supplementation of the record after the date the trial transcript is filed to be irrelevant for purposes of calculating the time within which a post-conviction relief petition must be filed. In *State v. Rice,* 11th Dist. Ashtabula No. 2010-A-0046, 2011-Ohio-3746, the defendant argued the time did not start until the record was supplemented with electronic recordings of the defendant's interviews with police, which were played for the jury during the trial. The court held the time began to run pursuant to R.C. 2953.21 on the date the trial transcript was filed, not at the time the record was supplemented with the electronic recordings. *See, also, State v. Dotson,* 2nd Dist. Clark No. 06-CA-45, 2007-Ohio-4078 (deadline not extended by supplementation of record with transcript of testimony from grand jury); *State v. Chavis-Tucker,* 10th Dist. Franklin No. 05AP-974, 2006-Ohio-3105 (deadline not extended by filing of transcripts from pretrial hearings subsequent to filing of trial transcript); *State v. Neil,* 10th Dist. Franklin Nos. 18AP-609,

610, 2019-Ohio-2529 (time not extended by supplementation of record with transcripts of suppression hearing).

**{¶23}** We find the trial court did not err in finding Appellant's petition untimely filed, as the time began to run on March 18, 2019, the date on which the trial transcript was filed. The first assignment of error is overruled.

II.

**{¶24}** Appellant's second assignment of error is rendered moot under the two-issue rule by our determination his petition was untimely filed.

**{¶25}** The judgment of the Stark County Common Pleas Court is affirmed.

By: Hoffman, P.J.

Wise, John, J. and

Delaney, J. concur